Don BROWN *v.* STATE of Arkansas

CR 81-127                                        631 S.W.2d 829

Supreme Court of Arkansas
Opinion delivered April 26, 1982

*James W. Russell,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Don Brown was convicted of aggravated robbery with a deadly weapon and sentenced to fifty years imprisonment. On appeal he raises two issues. First, he argues the court was wrong in granting a mistrial in the presence of the jury and dismissing two co-defendants from the trial. Second, he argues the court was wrong in admitting his confession because it was involuntary, taken after an undue delay and an illegal arrest. We find no error and affirm the judgment.

Brown, along with two other men, Edward Brown and Johnnie Glenn, was tried for the robbery of the Majik Market in West Memphis, Arkansas, which occurred on December 4, 1980. During closing argument, counsel for Brown pointed out to the jury that Brown was the only defendant who had taken the witness stand. At this point counsel for the other two defendants asked for a mistrial and it was granted. There was no objection to the motion for a mistrial, no exceptions to the judge's ruling, and no request for an admonition. It is suggested that we should apply the plain error rule in this case and take into consideration the fact that the jury only had one of the three defendants before it and took its wrath out on this defendant. There is no evidence whatsoever to support that supposition. Brown's counsel brought this matter about. No objection was made and without any showing of prejudice, we find no error in the court's action.

The second issue requires more discussion. The court held a *Denno* hearing and heard testimony of various police officers and witnesses regarding the circumstances that led to Brown's arrest, his incarceration, and his admission that he was involved in the Majik Market robbery. The West Memphis police department was investigating another robbery concerning the A-1 Liquor Store. A victim of that robbery had identified the appellant as the robber and the police obtained a warrant for Brown's arrest. When Brown went to the police station to obtain his automobile, which had been confiscated, they arrested him for this robbery. He was advised of his rights twice according to the police and at first denied complicity in the A-1 robbery. Later, on Sunday, the officers said that Brown confessed to both the Majik Market robbery and the A-1 robbery. They testified that the confession was voluntarily given without any coercion on their part. On the basis of this confession they caused an information to be filed against Brown for the Majik Market robbery. Two witnesses who saw the Majik Market robbery told the police that Brown was one of the robbers. The witnesses said that they did not immediately identify Brown when they were questioned by the police but later did identify him. This all occurred during the weekend Brown was in jail. Brown testified that he was physically and mentally intimidated during his incarceration, threatened, and awakened early Sunday morning and questioned again.

It is unnecessary to elaborate in detail all the testimony of the police officers and Brown. Suffice it to say the trial court held a *Denno* hearing and found that the officers had probable cause to arrest Brown and that the statement was not involuntary. On appeal we make an independent determination of voluntariness of a confession. We consider the totality of the circumstances and will resolve all doubts in favor of individual rights, but we will not reverse the trial court's holding unless it is clearly against the preponderance of the evidence. *Degler* v. *State,* 257 Ark. 388, 517 S.W. 2d 515 (1974). In this case there was a conflict between the testimony of Brown and the police officers and we have to defer to the superior position of the trial court to resolve the issue of credibility of the witnesses. *Gardner* v. *State,* 263 Ark. 739, 569 S.W. 2d 74 (1978).

Certainly we cannot say it is reversible error that Brown was not arrested for the Majik Market robbery until after he confessed. There is no doubt that a warrant was issued for his arrest in connection with the A-1 robbery and he was arrested and incarcerated for that offense. He was in custody at the time he was placed under arrest for the Majik Market robbery and an information was caused to be filed against him for that offense. Even if the arrest was illegal, and we in no way deem it so, it would not vitiate his confession. *Sanders* v. *State*, 259 Ark. 329, 532 S.W.2d 752 (1976).

It is undisputed that Brown was held from late Friday afternoon through the weekend before he was taken before a magistrate on Monday morning. A.R.Cr.P., Rule 8.1, requires that an arrested person be taken before a magistrate without unnecessary delay. We cannot say on the facts in this case that Rule 8.1 was violated. See *Wilson* v. *State*, 258 Ark. 110, 522 S.W. 2d 413 (1975), cert. denied 423 U.S. 1017 (1975).

PURTLE, J., concurs in part, dissents in part.

JOHN I. PURTLE, Justice, concurring in part, dissenting in part. I concur with that portion of the majority opinion which holds that the granting of a mistrial in the presence of the jury as to the codefendants did not amount to prejudicial error. However, I disagree with the holding which allows appellant's confession to be introduced into evidence.

I feel a few more facts need to be set out in order to present a fuller understanding of what happened in this case. The Majik Market Store and the A-1 Liquor Store were both robbed on December 4, 1980. Three witnesses observed the robbery at the Majik Market. The manager of the Majik Market could not identify the robbers nor could she pick them out from mug shots shown to her on the day of the robbery or the next day. Her identification materialized at the time she met the appellant in court with his attorney. The appellant was arrested at 5:00 p.m. on Friday, December 5, 1980, for robbery of the A-1 Liquor Store. The warrant of arrest was issued by a deputy clerk in relation to the robbery of the A-1 Liquor Store. There was no affidavit for an arrest warrant, and there is no statement by anyone personally

identifying the appellant either in person or from mug shots for either robbery. Although the appellant was picked up the afternoon of December 5, 1980, he declined to issue a statement. However, on Sunday the officers managed to obtain confessions from him not only for the robbery of the A-1 Liquor Store but also the Majik Market. Both confessions are dated at 11:30 a.m. on December 7, 1980. The record indicates the three witnesses to the Majik Market robbery identified the appellant from mug shots sometime during the day of December 7, 1980. The record does not show whether the witnesses identified the appellant before or after the statement was given. Each of these witnesses testified that they were acquainted with the appellant and recognized him at the scene of the robbery. However, they could not explain why they did not tell the officers who the robber was when they talked with the officers shortly after the robbery on December 4, 1980. The explanation of one was "I recognized Don Brown but I wanted to wait and see his picture to be sure it was him." This shows absolute confusion. The only thing in the record relating to the identification of the appellant as being the robber of the A-1 Liquor Store is a statement by an officer that the operator of the liquor store had identified him. There is no confirmation of this fact in any other form. The officer does not even state that the witness told him the appellant was the person and there is nothing else whatsoever in the record to show the reliability of the statement, if it was ever made.

If appellant was not in legal custody, then I am sure the majority would agree that his confession should have been excluded. The officer who arrested him did not see him commit any violation of the law and, therefore, had no right to arrest on such grounds. There is nothing in the record to show that the officer had reasonable cause to believe that the appellant had committed the felony other than a vague hearsay statement by an officer that the operator stated the appellant had robbed the store. This does not measure up to probable cause by any stretch of the imagination.

It is uncontroverted that the arrest warrant in this case was issued by a deputy court clerk. A.R.Cr.P., Rule 7.1, states in part:

(a) A judicial officer may issue an arrest warrant for a person who has failed to appear in response to a summons or citation.

(b) In addition, a judicial officer may issue a warrant for the arrest of a person if, from affidavit, recorded testimony, or other information, it appears there is reasonable cause to believe an offense has been committed and the person committed it . . .

Section (c) of the above rule provides that a deputy clerk may issue an arrest warrant upon the *filing of an information or affidavit sworn to by a complainant provided such authorization has been granted by the judge* of the court. It is obvious the warrant involving the A-1 Liquor Store was absolutely void on its face. There was never even a warrant issued in the Majik Market robbery much less any affidavits filed. Therefore, the appellant was held in custody without authority some two days before he eventually gave the officers the statement they wanted.

The burden is on the state to prove the voluntariness of an in-custody confession. *Wright* v. *State,* 267 Ark. 264, 590 S.W.2d 15 (1979). The trial court was not called upon and did not rule upon the legality of the custody of the appellant. The court ruled only on the voluntariness of the confession and the photo identification procedure. Although the court was not apprised of the fact that appellant was not legally in custody, I would employ the plain error rule and reverse and remand for a new trial. It is the duty of our circuit courts in criminal trials to afford defendants a fair and impartial trial under the Sixth Amendment to the United States Constitution. If this is to be enforced, we must be able to bring to that court's attention prejudicial errors in a defendant's trial, when they are of a magnitude that would infringe upon his constitutional rights. I cannot help but think that the framers of our constitution in their wisdom wanted this right preserved. To follow the reasoning of the majority would chip away at one of the most fundamental constitutional rights, that of a fair trial. I prefer to leave the constitution unchipped and unblemished.