Johnnie GLENN *v.* STATE of Arkansas

CR 82-59 664 S.W.2d 868

Supreme Court of Arkansas
Opinion delivered February 27, 1984

*Sandra Tucker Partridge,* for appellant.

*Steve Clark,* Atty. Gen., by: *Michael E. Wheeler,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Johnnie Glenn was convicted of aggravated robbery by a jury and sentenced, as an habitual criminal, to fifty years. We find no merit to his five allegations of error and affirm his conviction.

Appellant, along with two others, Don Brown and Edward Brown, robbed the Majik Market in West Memphis, Arkansas, on December 4, 1980. Three teen-aged girls witnessed the crime. All of them recognized Don Brown, who used a pistol in the robbery. Don Brown was arrested on December 5, and based on his subsequent statement and photographic identification, Edward Brown and Glenn were arrested on December 8 when they were seen in municipal court. Glenn signed a statement that day admitting complicity in the robbery.

Glenn was first brought to trial in February of 1981. The trial judge granted a mistrial on the basis of statements made by the prosecuting attorney to the local press. Another trial was held during May of 1981, and it also resulted in a mistrial when counsel for Don Brown (all three defendants were tried together) pointed out to the jury that only Don Brown had testified. The trial from which this appeal is brought was held four months later. After the first mistrial, the state amended its information alleging that Glenn was an habitual criminal with two prior convictions. Glenn's arguments on appeal are that his arrest was illegal and

therefore his confession was inadmissible; his identification was improper because of impermissible suggestiveness by the officers; he was denied a speedy trial; he was improperly charged and found to be an habitual criminal; and there is no substantial evidence of his guilt.

There was probable cause for Glenn's arrest based on Don Brown's statement and Glenn's identification as a participant in the robbery. The fact the warrant for his arrest was issued by the clerk, not the judge, and there was no affidavit, would not void his conviction. *Allen* v. *State*, 277 Ark. 380, 641 S.W.2d 710 (1982).

Whether Glenn's confession was voluntary depends upon the credibility of the two officers who took his statement. Immediately after his arrest the morning of December 8, he signed a waiver of his rights and signed a statement within two hours thereafter. The officers denied any force or coercion was used or promises made. They directly disputed Glenn's testimony that he was threatened and told a high bail would be set if he did not cooperate. On review, we examine the totality of the circumstances, but give due deference to the resolution of credibility of witnesses to the trial court's findings. There is no reason in this case to find the judge's ruling was clearly against the preponderance of the evidence. *Brown* v. *State*, 276 Ark. 20, 631 S.W.2d 829 (1982). (The record of the *Denno* hearing in Don Brown's trial and appeal was consolidated with the record in this appeal.)

Glenn's identification by the three teen-agers was first made in the residence of one of the girls. The officer testified that while all were present in the room, the witnesses were shown the pictures separately and no suggestions at all were made. The officers' testimony was corroborated by all three witnesses. Two of the witnesses were positive about Glenn. The other witness was not certain and her identification was excluded as evidence. The fact that the witnesses were together when the photographs were laid out is not sufficient to void the identification. By no means is it the best and most desirable method, but neither is it fatal. See *Hogan* v. *State*, 280 Ark. 287, 657 S.W.2d 534 (1983).

From the time Glenn was charged until he was ultimately convicted was just over nine months. His argument that he was denied a speedy trial must fail because the time for bringing a person to trial does not begin to run until the date of a mistrial, if there is one. A.R.Cr.P. Rules 28.1 and 28.2. His last mistrial was declared in May, and his trial began four months later. Even so, Glenn argues *Barker* v. *Wingo*, 407 U.S. 514 (1972), mandates a finding that he was denied a speedy trial. His case was speedily processed from its inception, tried within three terms of court without any prejudice to Glenn, and we find no denial of his constitutional rights.

After Glenn's first mistrial, the state amended the information to allege two prior convictions. It is argued this was prejudicial error. There is no indication at all that there was malice in the state's decision as there may have been in the case of *Hayes* v. *Cowan*, 547 F.2d 42 (6th Cir. 1976), where the defendant had changed his plea from guilty to not guilty. Glenn makes no argument that he was surprised, nor did he request a continuance.

The prior convictions, one for breaking and entering and the other for breaking and entering and theft of property, were proved by the testimony of the circuit clerk, who testified from records. We held in *Reeves* v. *State*, 263 Ark. 227, 564 S.W.2d 503 (1978), that a prior conviction may be proved by "any evidence that satisfies the trier of fact beyond a reasonable doubt." Ark. Stat. Ann. § 41-1003 (Repl. 1977). In *Reeves* we upheld proof of a prior conviction by a clerk based on docket entries. Glenn does not challenge the fact that he was convicted nor make any argument that would cause us to reject the clerk's testimony and the jury's finding.

One of Glenn's convictions resulted in a suspended sentence for three years, and he argues that is not a "conviction" for the purposes of sentence enhancement. At the time of the offense, there was in effect § 41-1001[1] (Repl. 1977) which reads:

---

[1]See also § 41-1210 and commentary.

(a)   A defendant who is convicted of a felony and who has previously been convicted of more than one (1) but less than four (4) felonies, or *who has been found guilty* of more than one (1) but less than four (4) felonies, may be sentenced to an extended term of imprisonment as follows: (Italics supplied.)

It is academic whether he received a suspended sentence since under this statute, there was sufficient proof of a finding of guilt to satisfy our requirement for a prior conviction. See *Campbell* v. *State,* 264 Ark. 575, 572 S.W.2d 845 (1978); *Reeves* v. *State, supra.* There was substantial evidence of his guilt and his conviction is affirmed.

Affirmed.