Gregory C. SPARROW
*v.* STATE of Arkansas

CR 84-160                                              683 S.W.2d 218

Supreme Court of Arkansas
Opinion delivered January 21, 1985

*Darrell E. Baker, Jr.,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. This is another in a series of cases challenging the Omnibus DWI Act. Ark. Stat. Ann. §§ 75-1031.1, 75-1045, 75-2501 — 75-2514 (Supp. 1983). Gregory C. Sparrow, the appellant, was found guilty of speeding and driving with a blood alcohol content exceeding 0.10%. According to the chemical test, he had a blood alcohol content of 0.17%, and he admitted to having at least three drinks prior to driving. He appealed his conviction to the Washington County Circuit Court and waived a jury. He was found guilty, fined $300, plus costs, sentenced to 24 hours continuous incarceration in the city jail and his license was suspended for 90 days.

On appeal he raises questions which, with minor exceptions, have been answered in previous cases. He argues that the DWI law violates the separation of powers provision in the Arkansas and United States Constitutions in that it takes away from the prosecuting attorney and the court the right to reduce a charge and accept plea bargains and places that power within the hands of the policeman, who files the charge. Appellant cites no authority for these propositions. This part of the law is not unconstitutional. It is well settled that it is for the legislative branch of a state or federal government to determine the kind of conduct that constitutes a crime and the nature and extent of the punishment which may be imposed. *Carter* v. *State,* 255 Ark. 225, 500 S.W.2d 368 (1973); *Thom* v. *State,* 248 Ark. 180, 450 S.W.2d 550 (1970); C. E. Torcia, *Wharton's Criminal Law* § 10 (1978). See 21 Am. Jur. 2d *Criminal Law* § 589 (1981). In fact, there is no authority for Sparrow's contentions that penalties and their imposition are for the courts to decide.

Sparrow cites no authority for his argument that he is deprived of the right to plea bargain, nor does he even maintain that it is his right. In *North Carolina* v. *Alford,* 400 U.S. 25 (1970), the United States Supreme Court said: "The States in their wisdom . . . may prohibit the practice of accepting pleas to lesser included offenses under any circumstances." Plea bargaining is merely a tool to aid in the

administration of justice. Furthermore, statutes are valid which provide that an accused may not plead guilty. 22 C.J.S. *Criminal Law* 422 (1).

Sparrow also argues that he should have been taken before a judicial officer for a probable cause determination since he was arrested without a warrant. ARCP Rule 8.1 requires that one arrested shall be taken before a judicial officer without unnecessary delay. Here, Sparrow was detained approximately six and one-half hours. We find no violation of Rule 8.1. See *Brown* v. *State,* 276 Ark. 20, 631 S.W.2d 829 (1982).

The other arguments that Sparrow raises on appeal have been answered in other cases. Ark. Stat. Ann. § 75-2503 (b) (Supp. 1983) is not void for vagueness. *Lovell* v. *State,* 283 Ark. 425, 678 S.W.2d 318 (1984); *Long* v. *State,* 284 Ark. 21, 680 S.W.2d 686 (1984). Sparrow argues that the statute requires that he be informed that he may take another breath chemical test in addition to the one he was given. The written warning that Sparrow signed stated that he had the right to request a test of a different type. However, it also stated "I will assist you in obtaining another test of your choice . . ." Ark. Stat. Ann. § 75-1045 (c) (3) only requires that an individual be advised that he can have tests "in addition to any test administered at the direction of a law enforcement officer." The facts in this case are virtually identical to those in *Spicer* v. *City of Fayetteville,* 284·Ark. 315, 681 S.W.2d 369 (1984), and, again, we find no error.

Sparrow also contends that he was not observed for 20 minutes by the operator of the machine as required by the department of health standards. Substantial compliance with health department regulations is all that is required. *Munn* v. *State,* 257 Ark. 1057, 521 S.W.2d 535 (1975). As in *Spicer* v. *State, supra,* the appellant was collectively observed by officers for 30 minutes prior to the administering of the test.

Affirmed.