David W. SOUTHERN, James DUPLANTIS, Thomas M. WALKER, Jackie LOMAN, Lloyd HAGER, Tommy RODEN and William CARNEY *v.* STATE of Arkansas

CR 84-53                                683 S.W.2d 933

Supreme Court of Arkansas
Opinion delivered February 11, 1985

*William M. Cromwell, J.F. Atkinson, Jr.,* and *Robert R. Cloar,* for appellants.

*Steve Clark,* Att'y Gen., by: *Joyce Rayburn Greene,* Asst Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellants were convicted of driving while intoxicated. They were tried separately in municipal court in Fort Smith, and their cases were consolidated for appeal to the Sebastian County Circuit Court where their convictions were affirmed in nonjury proceedings. In their appeal in this court the appellants question, among other things, the constitutionality of parts of Act 549 of 1983, the Omnibus DWI Act, thus our jurisdiction arises from Arkansas Supreme Court and Court of Appeals Rule 29(1)(c).

With respect to appellants Southern, Roden and Hager we must remand to the trial court for resentencing. The sentences of these appellants were determined upon consideration of prior convictions of driving while intoxicated and in accordance with sentencing enhancement portions of the Act. However, the record does not show that these defendants had or waived legal counsel in those proceedings. Prior convictions may not be considered for purposes of the sentencing enhancement portions of the act unless the record shows the accused had counsel in the trials leading to the prior convictions or that the right to counsel was waived. *Lovell* v. *State,* 283 Ark. 425, 678 S.W.2d 318 (1984); *State* v. *Brown,* 283 Ark. 304, 675 S.W.2d 822 (1984). In oral argument counsel for the appellants and for the state agreed the case should be remanded. the trial court will be free to reexamine the record for evidence pertaining to this report, but neither side may augment the record at this stage. The judgments are otherwise affirmed as to all of the appellants.

The appellants raised a number of constitutional arguments, but because some of them have been resolved in recent decisions of this court, it was determined in oral argument that the appellants seek rulings on two points in addition to the sentencing question. They are, (1) whether an accused is denied the constitutional right to confront witnesses against him when breath samples which resulted in conviction pursuant to Ark. Stat. Ann. § 75-2503(b) (Supp. 1983) are destroyed and unavailable at the trial, and (2) whether doctrines of prosecutorial discretion and separation of powers are violated by the portion of the Act which eliminates the authority of judges and prosecutors to reduce

charges levied by police officers. Ark. Stat. Ann. § 75-2508 (Supp. 1983).

## 1. *Confrontation*

Each of the appellants was given a breathalyzer test, and testimony of police officials showed each appellant scored in excess of .10% thus showing violation of Ark. Stat. Ann. § 75-2503(b) (Supp. 1983). The appellants objected to the introduction of the test scores into evidence as the breath samples had not been preserved so that they might be subsequently examined by the appellants or their witnesses.

The appellants cite the Fifth Amendment to the U.S. Constitution although their argument is couched in terms of the right to confrontation found in the Sixth Amendment. They also cite Article 2, § 10 of the Arkansas Constitution. In *Redman* v. *State*, 265 Ark. 774, 580 S.W.2d 945 (1979), we held that neither the Sixth Amendment to the U. S. Constitution nor Article 2, § 10, of the Arkansas Constitution guaranteed the right to confront physical evidence as opposed to witnesses. If the appellant's citation to the Fifth Amendment to the U. S. Constitution was intentional and their argument is that the state's inability to present the breath samples was a deprivation of due process of law, (more properly argued by citing the Fourteenth Amendment) that argument was clearly answered in *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984), citing *California* v. *Trombetta*, ___U. S.___, 104 S.Ct. 2528 (1984).

## 2. *Separation of Powers*

The gist of the appellants' argument here is tht the prosecutors and the courts traditionally have had the power to reduce charges or convict of a lesser offense included in the one charged and that this traditional judicial or administrative power is unconstitutionally invaded by § 8 of the Act, Ark. Stat. Ann. § 75-2508 (Supp. 1983), which prohibits the reduction of charges. A part of this argument is that the arresting officer becomes the only person who may determine the offense to which the accused must be tried or sentenced on a plea of guilty.

We answered the fundamental separation of powers argument in *Sparrow* v. *State*, 284 Ark 396, 683 S.W.2d 218 (1985). There we addressed precisely the same arguments against removing from the prosecutor and the court the power to reduce charges and putting the charging "power in the hands of the policeman." We said,

> [T]his part of the law is not unconstitutional. It is well settled that it is for the legislative branch of a state or federal government to determine the kind of conduct that constitutes a crime and the nature and extent of the punishment which may be imposed. [Citations omitted.]

In *Lovell* v. *State, supra,* it was held that it is not a violation of the Arkansas Constitution for legislation to permit a police officer rather than a grand jury or prosecutor to file a misdemeanor criminal charge, but we issued a caveat in this respect for felony cases. None of the appellants in this case was charged with a felony.

The convictions are affirmed. The cases of appellants Southern, Roden and Hager are reversed as to sentences only and remanded to the circuit court for resentencing.