Garry DOTY *v.* STATE of Arkansas

CR 84-159                                    686 S.W.2d 413

Supreme Court of Arkansas
Opinion delivered March 18, 1985

*McDaniel, Gott & Wells, P.A.,* by: *Bobby McDaniel,* for appellant.

*Steve Clark,* Att'y Gen., by: *Michael E. Wheeler,* Asst. Att'y Gen., for appellee.

PER CURIAM. This appeal of a conviction under the new Omnibus DWI law is affirmed. All the arguments raised have been rejected in prior or contemporaneous cases.

The act is not void for vagueness. *Lovell* v. *State,* 283 Ark. 425, 678 S.W.2d 318 (1984) reh. den. 283 Ark. 434, 681 S.W.2d 395 (1984); *Long* v. *State,* 284 Ark. 21, 680 S.W.2d 686 (1984); *Steele* v. *State,* 284 Ark. 340, 681 S.W.2d 354 (1984). Doty's argument that the act violates his Sixth Amendment right to confrontation was rejected in *Southern* v. *State,* 284 Ark. 572, 683 S.W.2d 933 (1985), and *Wells* v. *State,* 285 Ark. 9, 684 S.W.2d 248 (1985). The act does not unconstitutionally shift the burden of proof, *Lovell* v. *State, supra,* or violate the separation of powers doctrine. *Lovell* v. *State, supra; Lovell* v. *State,* 283 Ark. 434, 681 S.W.2d 395 (supplemental opinion on rehearing) (1983); *Sparrow* v. *State,* 284 Ark. 396, 683 S.W.2d 218 (1985); *Southern* v. *State,*

*supra; Tausch* v. *State,* 285 Ark. 226, 685 S.W.2d 802 (1985).

Doty's argument that the intoximeter test violates his right against self-incrimination has been considered and rejected. *Steele* v. *State, supra.* He argues that convictions under the former driving under the influence law should not be used to enhance a sentence under the new act. That argument was rejected in *Lovell* v. *State, supra.*

Affirmed.