Mr. Charles L. Robinson Legislative Auditor State Capitol, Room 172 Little Rock, AR 72201
Dear Mr. Robinson:
This is in response to your request for an opinion on the following questions:
 (1) Where an individual has been arrested for violating A.C.A. § 5-65-103 of the Omnibus DWI Act, may a prosecuting attorney reduce the charge and/or accept a plea bargain?
 (2) Where an individual has been arrested for violating A.C.A. § 5-65-103 of the Omnibus DWI Act, may a judge dismiss the charges or accept a plea to a lesser charge?
In response to your first question, as you note, A.C.A. §5-65-107(a) (1987) provides that persons arrested for violating §5-65-103 "shall be tried on those charges or plead to such charges, and no such charges shall be reduced." This provision specifically prohibits the reduction of charges filed under §5-65-103 of the Omnibus DWI Act. The Arkansas Supreme Court recognized this prohibition and upheld its constitutionality inSparrow v. State, 284 Ark. 396, 683 S.W.2d 218 (1985). Seealso Southern v. State, 284 Ark. 572, 683 S.W.2d 572 (1985).
This prohibition against the reduction of charges filed under §5-65-103 would necessarily preclude a plea of guilty to a lesser offense, see Sparrow v. State, supra. It would not, however, appear to preclude a plea bargain for the same offense, but a lesser sentence than might be obtained at trial. To that limited extent, then, it is my opinion that a prosecutor could accept a plea bargain in a case filed under § 5-65-103.
With regard to your second question, it is my opinion that §5-65-107(a) would likewise prohibit a judge from accepting a plea bargain for a lesser offense, but not for a lesser sentence than might be obtained at trial. Because the sentencing provisions of the Omnibus DWI Act are mandatory, however, any plea of guilty would have to be in exchange for a sentence within the authorized range, and the judge would not have the authority to suspend the sentence or place the offender on probation. See § 5-65-108 andLovell v. State, 283 Ark. 425, 678 S.W.2d 318 (1984).
The question of whether a judge may dismiss charges filed under §5-65-103 is more complicated. Section 5-65-107(a) does not specifically address the dismissal of charges, and it must be recognized that judges are given the authority in A.C.A. §16-90-115(c) to dismiss any case prior to the entry of a judgment of conviction. In a previous opinion, we concluded that §16-90-115(c) could reasonably be applied to cases filed under §5-65-103, prior to a guilty plea, a plea of nolo contendere, or a finding of guilt. See Att'y Gen. Op. No. 89-317. This conclusion is logical, because there are obviously circumstances in which dismissal of charges filed under § 5-65-103 would be appropriate, such as when a valid motion to dismiss is made on speedy trial grounds, or when a defendant is not properly charged with the offense. See, e.g., Brewer v. State, 286 Ark. 1,688 S.W.2d 736 (1985). In the absence of caselaw to the contrary, then, it is my opinion that a judge may dismiss charges filed under § 5-65-103, so long as there has been no guilty plea, no plea of nolo contendere, and no finding of guilt.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General