Colonel T.L. Goodwin, Director Arkansas State Police P.O. Box 5901 Little Rock, Arkansas 72215
Dear Colonel Goodwin:
This is in response to your request for an opinion on several questions prompted by the new "background checks" required by the "Brady Handgun Violence Prevention Act." Specifically, you have posed four questions with regard to the purchase and possession of firearms by convicted felons, as follows:
 1. Does A.C.A. 5-73-103(b)(2) prohibit a pardoned criminal from purchasing or possessing a firearm; unless the pardon explicitly contains the language that the right to possess a firearm is restored?
 2. When a pardon was granted before the enactment of this statutory language in A.C.A. 5-73-103(b)(2), in 1987, does the language that a citizen is restored to his/her full rights and privileges allow a person to possess a firearm?
 3. Can a judge restore the right to own and possess a firearm to anyone found guilty of a felony?
 4. Does an expungement order restore the right to own and possess a firearm to anyone found guilty of a felony?
In response to your first question, federal law must be considered in addition to the provisions of A.C.A. 5-73-103. The new provisions of the "Brady Handgun Violence Prevention Act," rather than A.C.A. 5-73-103, govern the purchase of handguns by felons from licensed importers, manufacturers, dealers, and collectors. See 18 U.S.C. § 922 (b)(2). (I assume your questions refer to sales of handguns made by such licensed entities as it is only these sales which trigger the background checks. See 18 U.S.C. § 922 (s)(1)). It is unlawful for such dealers to sell handguns to any person unless they send the required information to the "chief law enforcement officer" and five days have elapsed during which time the dealer has not received information from the chief law enforcement officer that possession of the handgun by the purchaser would violate federal, state, or local law. See 18 U.S.C. § 922(s)(1)(A)(ii)(I). Thus, the determination of whether a felon can purchase a firearm under federal law depends upon whether it would be unlawful for him to purchase or possess one under federal, state, or local law.[1] For purposes of brevity we will first refer to A.C.A. 5-73-103, which is the Arkansas statute governing the ownership and possession of firearms by convicted felons. It provides in pertinent part that:
 (a) Unless so authorized by and subject to such conditions as prescribed by the Governor, or his designee, or the Bureau of Alcohol, Tobacco and Firearms of the United States Treasury Department, or other bureau or office designated by the Treasury Department, no person shall possess or own any firearm who has been:
(1) convicted of a felony. . . .
* * *
 (b) A determination by a jury or court that a person committed a felony:
* * *
 (2) Shall not constitute a conviction for purposes of subsection (a) of this section if the person is subsequently granted a pardon explicitly restoring the ability to possess a firearm.
This statute clearly provides that a pardoned felon may not own or possess a firearm under state law unless his pardon "explicitly" restores the ability to possess a firearm. In my opinion, therefore, unless the pardon contains express language with regard to firearm possession, the individual may not purchase a handgun from a "licensee" under federal law, or own or possess one under state law.[2] See Ops. Att'y Gen. 92-351
and 79-131 and generally Reynolds v. State, 18 Ark. App. 193
(1986). The answer to your first question is therefore "yes."
Your second question is not so easily answered, but in my opinion a pardon granted before July 9, 1975, which restored all rights and privileges although containing no specific language with regard to the possession of a firearm, allows a convicted felon to possess a firearm under state law, and thus to purchase a handgun under federal law.[3] The statute you have cited, A.C.A. 5-73-103, was originally enacted in 1975 as a part of the 1975 Criminal Code and became effective on July 9, 1975. See Ops. Att'y Gen. 75-31, 75-47, and 75-66. The language about the effect of a pardon was not added until 1977 (see Act 360 of 1977), and was effective on July 6, 1977. See Op. Att'y Gen. 77-057. Before the enactment of the 1975 Criminal Code, my research discloses no law prohibiting the possession of firearms by convicted felons, pardoned or not. Of course, when this prohibition was enacted in 1975, the state could look to convictions which occurred prior to 1975 to support a felon in possession case under the statute. Finley v. State, 282 Ark. 146, 666 S.W.2d 701 (1984). No cases, however, discuss the effect of a pardon granted prior to the effective date of the 1977 language which requires the Governor to expressly restore the ability to possess firearms. In my opinion, however, pardons granted between July 9, 1975, and July 6, 1977, did not operate to allow convicted felons to possess firearms, because at the time of the issuance of such pardons, the legislature had prohibited such possession and made no exception for pardoned felons. See Act 280 of 1975, 3103. In my opinion the Governor could not, by virtue of a pardon granted during this period, override the provisions of this statute. Prior to the effective date of the 1975 prohibition against felons carrying firearms, however, the effect of a pardon on the right to possess firearms is unclear. As stated previously, I have found no pre-1975 law which prohibited possession of firearms by felons. It is difficult to state that a pardon granted in this period restored the right to possess a firearm when that right was not lost, and there thus was nothing to "restore." It is my opinion, however, that pardons granted prior to July 9, 1975, which restored all rights and privileges allow convicted felons to possess and purchase firearms. There was no requirement at that time that the Governor place any special language in a pardon granting the right to possess a firearm. In addition, in my opinion, the case of Duncan v. State, 254 Ark. 449,494 S.W.2d 127 (1973) is instructive on this point. In Duncan, the Arkansas Supreme Court refused to allow a pardoned conviction to be used to support sentencing under the "habitual offender act." The court relied on two points; first, on language of a United States Supreme Court case indicating that "a pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out the existence of the guilt," and second, on the fact that the habitual offender statute at issue formerly contained language including pardoned convictions as eligible for use under the statute, and was amended to delete the language.
It should be noted, however, that a pardon does not remove all disabilities. For example the right to hold public office or to have a law license reinstated are not restored by virtue of a pardon. See State v. Irby, 190 Ark. 786, 81 S.W.2d 419
(1935), and In Re: Petition of Anderson, 312 Ark. 447,851 S.W.2d 408 (1993) (citing with approval language that although a pardon has generally been regarded as blotting out the existence of guilt it does not so operate for all purposes). It is my opinion, based upon Duncan, however, that a fully pardoned conviction may not be used as an element of a crime for the purposes of supporting a felon in possession of a firearm charge. See generally Application of S.S., 130 N.J. Super. 21,324 A.2d 611 (1974), and cf. generally, Irvin v. State, 301 Ark. 416, 784 S.W.2d 763 (1990). This is true unless, of course, a state statute requires this result, as with pardons issued between July 9, 1975 and July 6, 1977, and pardons issued after July 6, 1977 which do not contain the requisite language.
Thus, a conviction for which a full pardon was granted prior to July 9, 1975 may not be used to support a felon in possession of a firearm charge, even if the pardon does not contain any special language about firearms. Persons with these types of pardons may possess firearms under state law and thus may purchase them under federal law. A full pardon granted between July 9, 1975 and July 6, 1977, however, does not, and could not restore the right to possess a firearm, because at that time the possession of firearms by felons was prohibited by statute and there was no exception for pardoned convictions. Any pardons granted after July 6, 1977 must contain express language about the possession of firearms in order to restore the right.[4]
It is my opinion that the answer to your third question is "no," a judge cannot restore the right to own and possess a firearm to a convicted felon unless it is done pursuant to an expungement statute. (See response to question four below.) Although judges do have certain inherent powers (A.C.A.16-13-204(b)), it has been held that "it is well settled that it is for the legislative branch of a state or federal government to determine the kind of conduct that constitutes a crime and the nature and the extent of the punishment which may be imposed." See Shelton v. State (CACR 93-23, Court of Appeals, issued February 2, 1994), citing Southern v. State,284 Ark. 572, 683 S.W.2d 933 (1985), quoting Sparrow v. State,284 Ark. 396, 683 S.W.2d 218 (1985). It is my opinion that where the legislature has expressly prohibited convicted felons from carrying firearms, except under certain circumstances (e.g., a specific pardon), the judicial branch is without authority to restore that right, absent other statutory authority.
In response to your fourth question, it is my opinion that the answer is "yes" at least with respect to expungements granted under Act 378 of 1975, the "Alternative Service Youthful Offender Act," later called the "Alternate Service Act" and repealed effective January 1, 1994. We know this to be the case by virtue of Irvin v. State, 301 Ark. 416,784 S.W.2d 763 (1990). In Irvin, the court held that a conviction which should have been expunged under this act could not be later used as a felony to support a felon in possession of a firearm charge under A.C.A. 5-73-103. The court cited to what is now A.C.A. 16-93-502 (7)(A) which states that "expunge" signifies that the defendant was completely exonerated of any criminal purpose and that the disposition shall not affect any civil rights or liberties of the defendant." The court also relied on the purpose of this act, which was to remove the stigma of youthful indiscretions, and to give a youthful offender a second chance to a life free of a criminal record. Thus, felons sentenced under Act 378 of 1975, who have completed their sentence or probation, even if the state has failed to perform the "ministerial duty" of issuing a certificate of expunction, are not prohibited from possessing firearms under A.C.A. 5-73-103, and are thus authorized to purchase firearms under federal law.[5]
Although there are no reported court decisions on any expungement statutes other than Irvin, which relates to Act 378 of 1975, it should be noted that the language of Act 346 of 1975 (sometimes called the "First Offender Act") with regard to the definition and effect of an expungement is substantially similar to that cited by the court in Irvin as appearing in Act 378. That is, under Act 346 an expungement also indicates that the defendant was completely exonerated of any criminal purpose, and that the disposition shall not affect any civil rights or liberties of the defendant. A.C.A. 16-93-301(1987). It may thus be concluded that the Arkansas Supreme Court, if faced with the question, would reach a similar conclusion with regard to Act 346 of 1975, and hold that an individual sentenced under Act 346, who has fulfilled the terms and condition of probation, is not prohibited from possessing a firearm under A.C.A. 5-73-103.
Another expungement statute which might arise in conducting the background checks is A.C.A. 16-90-601 — 605, (Act 637 of 1977, and Acts 800 of 1977). Under Act 637, expungement is discretionary with the judge for nonviolent felonies committed by persons under eighteen. Thus an actual expungement order should evidence the expungement. This act states that upon such an expungement, the defendant "may thereafter in any applications for employment, licenses, or permits, or in any other instances or situations in which civil rights or privileges are involved, state that he or she has not been so convicted." It is unclear under this language whether the right to possess a firearm, which is prohibited by another state statute, is restored. In my opinion it is not. The felon is possession statute makes no general exception for expungement, and the only reason I have concluded that expungements under Acts 378 and 346 restore this right is by virtue of a decision of the Arkansas Supreme Court. The language of Act 637 is not sufficiently similar to the language of Acts 378 and 346 to compel a similar conclusion with regard to an expungement under it.
Similarly, in my opinion, an expunction under Act 800 of 1977 (A.C.A. 16-90-601, applying to felons under sixteen who received suspended sentences, were pardoned, and have not since been convicted of a criminal offense) does not restore the ability to possess a firearm unless the pardon, which is one requirement for expunction under this act, contains the requisite language required by A.C.A. 5-73-103. This is true even though this act states that "the expungement shall have the same effect as an expungement under [Act 346.] Because a pardon is an essential element of an expungement under Act 800, the Governor still has the power to determine and state whether the pardon specifically restores the right to possess a firearm under 5-73-103. The more specific provisions regarding the effect of a pardon on the ability to possess firearm under A.C.A. 5-73-103 govern, in my opinion, over the general effect of an expungement set out in Act 800. Cf. A.C.A. 16-90-605
(Cum. Supp. 1993).
It is also my opinion, absent any precedent of the Arkansas Supreme Court, that expungements under the newly enacted Act 531 of 1993, A.C.A. 16-93-1207, will not have the effect of restoring the ability to possess a firearm. This statute does not indicate the effect of the expungement, and in my opinion cannot override the general prohibition against felons possessing firearms unless specifically pardoned.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] There are no local ordinances governing possession of firearms in Arkansas. A.C.A. 14-16-504 (Cum. Supp. 1993).
[2] The issue of whether a pardoned felon whose pardon does not contain any special language may be prosecuted for possession of a firearm under current federal law is a separate question which is unnecessary to address in light of the conclusion above. See 18 U.S.C. § 922(g) (prohibiting any person convicted of a "crime punishable by imprisonment for a term exceeding one year" from possessing any firearm in commerce), and18 U.S.C. § 921(a)(20) (stating that a pardoned or expunged conviction, or a conviction for which civil rights have been restored, shall not be a conviction for purposes of defining a "crime punishable by imprisonment for a term exceeding one year" under federal law unless language in the pardon or other document expressly denies the right to possess firearms). See contra, Wisconsin Op. Att'y Gen. 6-89 (opining that this 1986 change in federal law preempted a Wisconsin statute similar to A.C.A.5-73-103). But see 18 U.S.C. § 927, and Davis v. U.S., 972 F.2d 227
(8th Cir. 1992).
[3] Unless, of course, the pardon expressly denies the right to possess firearms. See 18 U.S.C. § 921(a)(20) and n. 1, supra.
[4] These conclusions, which are based upon the status of the law at the time the pardons were granted, is consistent with the approach taken by the federal courts in determining whether a federal felon in possession of a firearm charge will lie where there has been some type of restoration of rights. See, e.g., U.S. v. Huss, 7 F.3d 1444 (9th Cir. 1993), and generally U.S. v. Gipson, 985 F.2d 412 (8th Cir. 1993), and U.S. v. Wind,986 F.2d 1248 (8th Cir. 1993).
[5] Neither are they prohibited from possessing firearms under federal law unless the expunction expressly denies the right to possess a firearm. See again 18 U.S.C. § 921(a)(20).