The Honorable Ron Fields Prosecuting Attorney 12th Judicial District Sebastian County Courthouse Ft. Smith, AR 72901
Dear Mr. Fields:
This is in response to your request for an opinion on the following question:
 If a Defendant is charged with the offense of Driving While Intoxicated, and the Prosecuting Attorney has evidence of prior D.W.I. convictions within three years of the current offense (that is, the Prosecuting Attorney has admissible evidence of those prior convictions), may a City Prosecuting Attorney within the exercise of his/her discretion, choose to "ignore" one or more of the prior convictions?
Arkansas Code Annotated 5-65-107 provides that persons arrested for violating 5-65-103 shall be tried on those charges or plead to such charges and that "no such charges shall be reduced." In State v. Brown, 283 Ark. 304, 675 S.W.2d 822
(1984), the Arkansas Supreme Court stated that this "no reduction" language applies to the reduction of the offense, such as to reckless driving, and not to the number of offenses. In Brown, the defendant had three prior convictions for D.W.I. and was charged with D.W.I. fourth; however, it was undisputed that the three prior convictions were uncounseled. Thus, the convictions could not be used to enhance Brown's current D.W.I. offense to a felony. The trial court suppressed the three prior convictions, and granted the defendant's motion to dismiss the case. The state then sought to amend the information to charge Brown with D.W.I., first offense, but the trial court refused to allow the amendment, citing 5-65-107's prohibition against reduction of charges. The Supreme Court reversed on this issue, holding that the state should be allowed to amend the information to conform to the proof under the circumstances. The court held that the "no reduction" language applied to reduction of the offense, and not the penalty provisions or the number of offenses.
In my opinion, however, the Arkansas Supreme Court might reach a different conclusion about the "no reduction" language of A.C.A. 5-65-107, if faced with the facts you have presented i.e. facts which show admissible evidence of prior convictions. The court could easily distinguish the facts of Brown and limit its holding to cases where prior convictions were inadmissible. Thus, while Brown would appear to allow a reduction in the number of a D.W.I. offense where earlier convictions were inadmissible, I would caution a prosecuting attorney against ignoring admissible evidence of prior D.W.I. convictions in favor of a guilty plea to a lesser offense. To do so would appear to contravene the legislature's well-established intent to make the provisions of the Omnibus DWI Act mandatory as illustrated in this instance by prohibiting the reduction of charges under 5-65-107. See Southern v. State, 284 Ark. 572, 683 S.W.2d 572 (1985); Sparrow v. State, 284 Ark. 396, 683 S.W.2d 218 (1985); and Lovell v. State, 283 Ark. 425, 678 S.W.2d 318 (1984). See also Opinions No. 91-080 and 89-317 (copies enclosed).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
Enclosures