The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on the following interrelated questions:
 (1) Under A.C.A. § 5-65-301 et seq., is the prosecuting attorney authorized to recommend and the judge permitted to reduce the charge of DUI (A.C.A. § 5-65-303) to a lesser charge, such as reckless driving?
 (2) Under A.C.A. § 5-65-107, a prosecuting attorney or judge is not permitted to reduce the charge of anyone accused of violating A.C.A. § 5-65-103 (DWI). Since there is no such restriction placed in A.C.A. § 5-65-301 et seq., did the legislature make a distinction in this area with respect to minors?
In my opinion, neither A.C.A. § 5-65-107 nor a similar restriction applies to A.C.A. § 5-65-301 et seq. ("DUI"); therefore, a prosecutor may recommend and a judge may reduce an underage DUI charge to a lesser charge.
Arkansas Code Annotated § 5-65-303 of the Underage DUI Law provides:
 (a) It is unlawful and punishable as provided in this subchapter for any underage person to operate or be in actual physical control of a motor vehicle while under the influence of an alcoholic beverage or similar intoxicant.
 (b) It is unlawful and punishable as provided in this subchapter for any underage person to operate or be in actual physical control of a motor vehicle if at that time there was one-fiftieth of one percent (0.02%) but less than one-tenth of one percent (0.10%) by weight of alcohol in the person's blood as determined by a chemical test of the person's blood or breath or other bodily substance.
The Omnibus DWI Act provides in part:
 (a) It is unlawful and punishable as provided in this act for any person who is intoxicated to operate or be in actual physical control of a motor vehicle.
 (b) It is unlawful and punishable as provided in this act for any person to operate or be in actual physical control of a motor vehicle if at that time there was one-tenth of one percent (0.10%) or more by weight of alcohol in the person's blood as determined by a chemical test of the person's blood, urine, breath, or other bodily substance.
A.C.A. § 5-65-103 (Repl. 1993). A DWI charge may not be reduced, as you noted, pursuant to A.C.A. § 5-65-107(a), which reads:
 Persons arrested violating § 5-65-103 shall be tried on those charges or plead to such charges, and no such charges shall be reduced.
 Arkansas Code Annotated § 5-65-107 took away the prosecutor and judge's right to reduce a charge in DWI cases. Sparrow v. State, 284 Ark. 396, 683 S.W.2d 218 (1985). The Sparrow Court relied on the U.S. Supreme Court's holding that States may prohibit the practice of accepting pleas to lesser included offenses under any circumstances. Id., at 397, citing North Carolina v. Alford, 400 U.S. 25 (1970).
The restriction found in A.C.A. § 5-65-107 applies only to persons arrested for violating the Omnibus DWI Act. As you have noted, there is no comparable restriction concerning the reduction of underage DUI charges. The Arkansas Legislature simply did not apply, and I have found no legislative intent to apply, the restriction of A.C.A. § 5-65-107, or one like it, to the Underage DUI Law (A.C.A. § 5-65-301 et seq.).
The Arkansas Supreme Court has held that DWI and DUI are separate offenses. See McElhanon v. State, CR97-336, ___ Ark. ___ (Opinion delivered June 30, 1997). The title of Act 863 of 1993 also indicates the Legislature intended to create a separate offense with the Underage DUI Law:
 AN ACT to Create a Traffic Offense of Driving Under the Influence for Drivers Under the Age of Twenty-One (21) Years of Age. . . . (emphasis mine).
While the title of an act is not controlling, the title may be properly looked at to determine legislative intent. See Payne v. State,124 Ark. 20, 186 S.W. 612 (1916), Pruitt v. Sebastian County Coal MiningCo., 215 Ark. 673, 222 S.W.2d 50 (1949). Since DUI and DWI are separate offenses, it is my opinion that the Legislature would presumably have placed the restriction of A.C.A. § 5-65-107 in the Underage DUI Law if it so intended. By not creating a provision similar to A.C.A. §5-65-107 in the DUI law, the Legislature made a distinction between the two offenses — such a restriction does not apply to the Underage DUI Law.
Thus, it is my opinion that a person under the age of twenty-one who is charged with violating the Underage DUI Law may have her/his charge reduced. This conclusion is based upon the fact that the Omnibus DWI Act is a separate offense from the Underage DUI Law, the Legislature did not provide for a provision like A.C.A. § 5-65-107 in the Underage DUI Law, and legislative intent does not indicate that A.C.A. § 5-65-107 or similar restrictions apply to A.C.A. § 5-65-301 et seq. It must, however, be emphasized that if a person under the age of twenty-one is charged with DWI then she/he may not have the DWI charge reduced, pursuant to A.C.A. § 5-65-107.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB/WR/LS:cyh