Kenneth R. IRVIN *v*. STATE of Arkansas

CR 90-14                                        784 S.W.2d 763

Supreme Court of Arkansas
Opinion delivered February 26, 1990
[Rehearing denied April 2, 1990.*]

---

*Price, J., not participating.

*William C. McArthur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. In July 1982, appellant pleaded guilty to a felony and was sentenced to imprisonment for five (5) years under the Youthful Offender Alternative Service Act of 1975. Ark. Stat. Ann. §§ 43-2339 to -2349 (Supp. 1982). Under the Act appellant was immediately eligible for parole. Ark. Stat. Ann. § 43-2342(c). Upon completion of his five-year sentence he was entitled to have the record of conviction expunged. Ark. Stat. Ann. § 43-2344. Appellant completed his sentence without incident. There is no showing whether the record was in fact expunged.

In October 1987, appellant possessed a firearm. He was subsequently charged and convicted in the case at bar of being a convicted felon in possession of a firearm. Ark. Code Ann. § 5-73-103 (Supp. 1989). We reverse and hold that even though the appellant's record may not have been actually expunged, his prior sentence under the Youthful Offender Act cannot be used as the underlying felony in a later prosecution for felon in possession of a firearm.

The Youthful Offender Alternative Service Act of 1975 provides that upon completion of the sentence, "the Commissioner [of the Department of Correction] *shall* direct that the record of the eligible offender be expunged . . . ." Ark. Stat. Ann. § 43-2344. Expunged means an entry upon judicial and law

enforcement records "signifying that the defendant was *completely exonerated of any criminal purpose* and said disposition shall not affect any civil right or liberties of said defendant." It does not mean the physical destruction of the records. Ark. Stat. Ann. § 43-2340(g).

The foregoing language leaves little room for doubt about our decision in this case. However, we are additionally persuaded by the public policy underlying the Youthful Offender Act. That policy is to remove the stigma of youthful indiscretions, and to give a youthful offender a second chance to a life free of a criminal record.

The federal Youth Corrections Act, 18 U.S.C. §§ 5005 to -5026 (1976), is similar to our Youthful Offender Act of 1975. While federal decisions do not mandate how we decide state issues, we note that the three (3) Circuit Courts of Appeal which have construed the federal act have construed that act the same as we now construe our act. *United States* v. *Arrington*, 618 F.2d 1119 (5th Cir. 1980); *United States* v. *Purgason*, 565 F.2d 1279 (4th Cir. 1977); *United States* v. *Fryer*, 545 F.2d 11 (6th Cir. 1976).

The State argues that it produced the judgment of conviction, and even though it may have been subject to expungement, it was up to the appellant to show actual expungement. Such an argument disregards the language of the Act. The 1982 judgment of conviction offered in evidence by the State to establish the original conviction revealed that appellant was sentenced under the Youthful Offender Act. Under the language of the Act the young offender does not have to petition for expungement. Instead, it is a ministerial duty to be completed by the Commissioner of the Department of Corrections. The Act provides that the "Commissioner *shall* direct that the record of the eligible offer be expunged. . . ." Even if the Commissioner had failed to perform his ministerial duty, we would not subject a citizen to incarceration solely because a State official did not perform a ministerial act.

Further, proof of a prior felony is an element of the crime of felon in possession of a firearm and must be proven beyond a reasonable doubt by the State. To require an accused to prove expungement would be to require an affirmative defense

when none is required by the statute. *See United States* v. *Arrington*, 618 F.2d 1119 (5th Cir. 1980).

The State additionally argues that this case is governed by *Gosnell* v. *State*, 284 Ark. 299, 681 S.W.2d 385 (1984). In *Gosnell*, we held that an expunged conviction can be used to enhance the sentence of an habitual offender. We distinguish *Gosnell* because in that case the expunged conviction was not used as an element of the crime. Here, the State used the expunged conviction as an element of the crime.

Finally, the State argues that the commentary to the felon in possession statute, Ark. Code Ann. § 5-73-103, dictates affirmance. The argument is without merit. The commentary deals with suspension and probation, not with expungement.

Reversed and remanded.

HOLT, C.J., concurs.

JACK HOLT, JR., Chief Justice, concurring. I concur and make the following observation and comment:

Even though the Youthful Offender Alternative Service Act of 1975 provided that upon completion of the sentence, the Director (of the Department of Correction) *"shall* direct that the record of the eligible offender be expunged . . . . ," Ark. Stat. Ann. § 43-2344 (Supp. 1982), the state asserts that Irvin had a duty to prove that his record has been, in fact, expunged. Such an argument defies common sense and good reason.

As the court in *United States* v. *Arrington*, 618 F.2d 1119 (5th Cir. 1980), stated: to require a defendant "to rebut evidence of his conviction by producing a certificate," whose issuance is controlled by the government, . . . would be "analogous to placing the burden upon a person never before convicted the burden of proving his clear record."

Upon completion of his five year sentence, Irvin was entitled to have his conviction expunged and it was the state's duty and responsibility by statute to do so. Such an oversight on the part of the state is inexcusable.