Mr. Mike Gaines, Chairman Arkansas State Board of Parole and Community Rehabilitation P.O. Box 34085 Little Rock, AR 72203
Dear Mr. Gaines:
 This is in response to your request for an opinion concerning the issuance of a certificate of expungement under A.C.A. §§ 16-93-501—510 (1987 and Cum. Supp. 1991), the "Alternative Service Act." You have attached the relevant documentation, and have asked whether the State Board of Parole and Community Rehabilitation ("Board") has the authority to issue an expungement in this particular instance.
It is my opinion that the answer to this question is "yes;" a certificate of expungement may be issued in this instance. Indeed, current case law suggests that if faced with this question, the Arkansas Supreme Court would conclude that an expungement must issue based upon the information provided.
The Judgment entered in this instance states that the defendant was sentenced to the custody of the State Department of Correction for a term of five years, "to be served under the Youthful Offender Act." See State v. Grubbs, Wash. Co. Cir. Ct. No. CR 76-153. The Judgment was entered on January 31, 1977, at which time the relevant act (Act 378 of 1975) was known as the "Youthful Offender Alternative Service Act of 1975."[1] It may, in my opinion, reasonably be concluded that the offender was sentenced under Act 378 of 1975. It is stated in the Board'sPolicies and Procedures at Sec. IV.D. that Act 378 "is often referred to as the `Youthful Offender Act'. . . ." This terminology was also used by the Arkansas Supreme Court in the case of Irvin v. State, 301 Ark. 416, 417-418 (1990) in its consideration of a judgment of conviction entered in July, 1982. It thus seems clear that the phrase "Youthful Offender Act" is sufficient to signify Act 378 of 1975.
Arkansas Code Annotated § 16-93-510 must then be considered wherein it states:
 Upon the completion of sentence or probation imposed under this subchapter, the sentencing court, in the case of an offender sentenced under § 16-93-507(b)(1) or (2), and the board, in the case of a person sentenced under § 16-93-507(b)(4) or (5), shall direct that the record of the eligible offender be expunged of the offense for which the eligible offender was convicted. . . .
The Court in Irvin v. State, supra, citing this provision, held that an offender who was sentenced under the "Youthful Offender Act" does not have to petition for expungement. Thus, in that case, even though the offender's record may not have been in fact expunged, his prior sentence under the Act could not be used as the underlying felony in a subsequent prosecution for felon in possession of a firearm. 301 Ark. at 417. The Court reasoned as follows:
 The State argues that it produced the judgment of conviction, and even though it may have been subject to expungement, it was up to the appellant to show actual expungement. Such an argument disregards the language of the Act. The 1982 judgment of conviction offered in evidence by the State to establish the original conviction revealed that appellant was sentenced under the Youthful Offender Act. Under the language of the Act the young offender does not have to petition for expungement. Instead, it is a ministerial duty to be completed by the Commissioner of the Department of Corrections. The Act provides that the `Commissioner shall direct that the record of the eligible offer be expunged. . . .' Even if the Commissioner had failed to perform his ministerial duty, we would not subject a citizen to incarceration solely because a State official did not perform a ministerial act.
Id. at 418.
The above language followed the Court's statement that it was ". . . additionally persuaded by the public policy underlying the Youthful Offender Act," that is, ". . . to remove the stigma of youthful indiscretions, and to give a youthful offender a second chance to a life free of a criminal record." Id.
The Court also cited several federal circuit courts of appeal decisions construing the federal Youth Corrections Act,18 U.S.C. §§ 5005-5026 (much of which has since been repealed) which, according to the Court, ". . . is similar to our Youthful Offender Act of 1975." Id. The Court went on to state that the federal act was construed in those cases ". . . the same as we now construe our act." Id. (Citations omitted.) Under the federal act, according to those cases, expungement is automatic upon the youthful offender's unconditional discharge following completion of his sentence. See United States v. Arrington,618 F.2d 1119 (5th Cir. 1980). Issuing the certificate of expungement is a ministerial act. Id. at 1124.
With regard to the case at hand, refusal to issue an expungement would, it seems, have to be premised upon the sentencing judge's failure to indicate in the Judgment that the offender "knowingly and intelligently consented to sentencing or probation" under the Youthful Offender Act (A.C.A. § 16-93-508(a)(2) (1987), and his failure to designate which alternative sentence was imposed (§ 16-93-508(a)(3)).[2] The Court's emphasis in Irvin,supra, upon the "public policy" behind the Youthful Offender Act portends, in my opinion, a refusal to deny expungement based upon the Judgment's failure to state that the offender knowingly and intelligently consented to sentencing under Act 378.[3]
This provision is clearly included for the benefit of the eligible offender, and it defies reason to suggest that the legislature intended for an offender to be denied the so-called "second chance" noted in Irvin, supra, at 418, based upon the absence of this consent language in the Judgment.
With regard to the Judgment's failure to designate the alternative sentence being imposed, while this could certainly create problems in some instances regarding enforcement of the offender's sentence, I do not believe it would support denial of an expungement, particularly in light of the Court's emphasis inIrvin upon the ministerial nature of the State's duty. Irvin
indicates that once it is revealed that the offender was sentenced under Act 378, expungement must follow. It should perhaps also be noted that while the trial court exercises discretion in selecting the sentencing alternative, the duty under § 16-93-508(a)(3) to designate the selection in the order or commitment is apparently ministerial. It is difficult to conclude, in light of Irvin, that the trial court's failure to perform this ministerial duty compels the denial of an expungement.
In conclusion, therefore, it is my opinion that a certificate of expungement may, and in all probability must issue in this instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This act was amended by Act 344 of 1983 which, under Section 1, changed the title to "Alternative Service Act."
[2] As stated above, it is my opinion that the language in the Judgment regarding the "Youthful Offender Act" is sufficient indication that the offender was sentenced under Act 378 of 1975.
[3] The defendant was, according to the Judgment, advised of his "statutory and constitutional rights," and his plea was "voluntary." This, coupled with the public policy consideration, might be persuasive in determining whether § 16-93-508(a)(2) has been satisfied.