The Honorable Mike Huckabee Lieutenant Governor State Capitol, Suite 270 Little Rock, AR 72201
Dear Mr. Huckabee:
This is in response to your request for an opinion on whether an expungement and full pardon from a felony conviction restores a person's rights and privileges. You state that the individual in question wants permission to use a firearm and to apply for a job as a police officer, so I will address these issues first.
In response to your first question regarding use of a firearm, please refer to section 5-73-103 of the Arkansas Code, which addresses ownership and possession of firearms by convicted felons.[1] The relevant parts are as follows:
 (a) Unless so authorized by and subject to such conditions as prescribed by the Governor, or his designee, or the Bureau of Alcohol, Tobacco and Firearms of the United States Treasury Department, or other bureau or office designated by the Treasury Department, no person shall possess or own any firearm who has been:
1) convicted of a felony. . . .
* * *
 (b) A determination by a jury or court that a person committed a felony:
* * *
 (2) shall not constitute a conviction for purposes of subsection (a) of this section if the person is subsequently granted a pardon explicitly restoring the ability to possess a firearm.
A.C.A. 5-73-103 (Cum. Supp. 1993).
The first issue is the full pardon and its effects on using a firearm. It is not clear from the facts in your request whether the individual in question has been granted a full pardon. The above statute provides that a pardoned felon may not own or possess a firearm under state law unless his pardon "explicitly" restores the ability to own or possess a firearm. In my opinion, the individual may not own or possess a firearm under state law, without specific language in a pardon giving him the right to do so. See Op. Att'y Gen. 94-080.
The next issue is the effect of an expungement order on the right of a convicted felon to own and possess a firearm. It is not clear under which act the individual's conviction was expunged.
With respect to expungements granted under Act 378 of 1975,[2] the right to own or possess a firearm is restored. See again, Op. Att'y Gen. 94-080. The statute states that "expunge" signifies "that the defendant was completely exonerated of any criminal purpose and that the disposition shall not affect any civil rights or liberties of the defendant." A.C.A. 16-93-502(7)(a) (Cum. Supp. 1993). The Arkansas Supreme Court cited this section of the Arkansas code in Irvin v. State,301 Ark. 416, 784 S.W.2d 763 (1990). In Irvin, the court held that a conviction expunged under this act cannot be used as a felony, to support the charge of felon in possession of a firearm under section 5-73-103. Id.
Another expungement statute is Act 346 of 1975.[3] Like Act 378, under Act 346 expungement signifies "that the defendant was completely exonerated of any criminal purpose; and that the disposition shall not affect any civil rights or liberties of the defendant." A.C.A. 16-93-301 (1987).
Although there are no reported decisions regarding Act 346, it seems that the Arkansas Supreme Court would reach a conclusion about Act 346 similar to that reached in Irvin about Act 378. Therefore, it is my opinion that one sentenced under Act 346, who has fulfilled the terms and conditions of probation, is not prohibited from possessing a firearm under section5-73-103.[4] See Op. Att'y Gen. 94-080.
Your second question is whether an expungement and/or full pardon restore the right to apply for or become a police officer. The Arkansas statute governing this issue is set out below:
 No person who pleads guilty or is found guilty of a felony shall be eligible to be appointed or certified as a law enforcement officer.
A.C.A. 12-9-106(b) (1987).
In my opinion, an expungement does not generally operate to nullify the operation of section 12-9-106(b). See Op. Att'y Gen.89-056. There are two reasons for this conclusion. First, an expungement does not remove the fact of conviction for all purposes.[5] An entry is made upon the records, but the records are not destroyed. See A.C.A. 16-93-502, 16-93-301,16-93-1207. Second, section 12-9-106 makes specific reference to law enforcement officers, and a special statute governing a particular issue will be given greater effect than a general law on the subject matter. See Ridgeway v. Catlett, 238 Ark. 323,379 S.W.2d 277 (1964).
It is also my opinion that a pardon would not nullify section12-9-106(b). See again, Op. Att'y Gen. 89-056. First, it should be noted that a governor's pardon can only take place after conviction. See State v. Carson, 27 Ark. 469, 471 (1972). Second, the Arkansas Supreme Court has previously stated that a "pardon does not obliterate the fact of commission of the crime and the conviction thereof." State v. Irby, 190 Ark. 786, 77 S.W.2d 456
(1935) (citing 46 C.J. 1192). Under section 12-9-106(b), one "who pleads or is found guilty of a felony" is precluded from being certified as a law enforcement officer. It seems to follow that a pardon Ä granted after conviction, will probably not remove the basis for ineligibility under section 12-9-106(b).
One potential exception to section 12-9-106(b) is the "discharge and dismissal" statute. A.C.A. 5-4-311 (Cum. Supp. 1993). This exception will apply if the sentence is suspended or the defendant is placed on probation, and no judgment of conviction is entered. Since a "discharge and dismissal" nullifies all previous determinations of guilt, it is not really an exception. This is because section 12-9-106(b) only applies to one "who pleads or is found guilty of a felony."
For the effects of an expungement or full pardon on running for public office,[6] and voting rights, see Ops. Att'y Gen. 86-055, 91-342, 94-106, and 90-022, respectively (copies enclosed).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB/ddm:cyh
Enclosures
[1] There are no local ordinances governing ownership or possession of firearms in Arkansas. See A.C.A. 14-16-504 (Cum. Supp. 1993).
[2] Act 378, called the "Alternative Service Youthful Offender Act," and later the "Alternate Service Act" was repealed January 1, 1994.
[3] Act 346 is sometimes called the "First Offender Act".
[4] I will not address Acts 637 and 800 of 1977, because the individual in question was eighteen at the time of the crime, making these statutes inapplicable to his situation. See A.C.A.16-90-601 to -605 (1987). I also will not address Act 531 of 1993 as it does not appear to be applicable.
[5] In Gosnell v. State, 284 Ark. 299, 681 S.W.2d 385 (1984), the court held that an expunged conviction could be used to enhance the sentence of an habitual offender. This case was cited and distinguished in Irvin.
[6] The Arkansas Supreme Court has held that expunction under a federal statute removed the fact of conviction, making the felon eligible for public office. Tyler v. Shackleford, 303 Ark. 662,799 S.W.2d 789 (1990). In a case that did not involve a federal statute, the court upheld the eligibility of an individual with an expunged felony conviction because the judge's order declared the conviction "null and void," and illustrated an intent to set aside the conviction as if it never happened. Powers v. Bryant,309 Ark. 568, 832 S.W.2d 232 (1992). The court therefore held that the individual was not prohibited from running for public office under Arkansas Constitution, art. 5, 9.