Henry Lee CODY *v.* STATE of Arkansas

CR 96-513 929 S.W.2d 159

Supreme Court of Arkansas
Opinion delivered September 30, 1996

*Bart E. Ziegenhorn*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Henry Cody was convicted on three counts of theft of property. The statute in effect at the time Cody committed the thefts provided that theft of property was a Class C felony if the value of the property were $200 or more. Ark. Code Ann. § 5-36-103 (Repl. 1993). By the time of trial, the statute had been amended to provide that it was a Class C felony if the value of the property were $500 or more. Ark. Code Ann. § 5-36-103(b)(2)(A) (Supp. 1995). Cody contended at trial, as he does on appeal, that the amended statute should be applied. The argument is without merit.

■ Before the enactment of the Arkansas Criminal Code of 1975, we held that when the General Assembly amended an act to reduce the penalty after a crime was committed, but before sentencing, the sentence was to be fixed in accordance with the amended act. *Clark* v. *State*, 246 Ark. 876, 440 S.W.2d 205 (1969). However, in *State* v. *Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993), we held that the criminal code sentencing provisions had supplanted our case law. *Id.* at 430, 863 S.W.2d at 289. Since the

enactment of the criminal code, we have consistently held that sentencing is controlled by statute, *Easley v. State,* 274 Ark. 215, 623 S.W.2d 189 (1981), and that sentencing shall be in accordance with the statute in effect at the time of the commission of the offense. *Hunter v. State,* 278 Ark. 428, 645 S.W.2d 954 (1983). Accordingly, the trial court correctly ruled that the governing statute was the one in effect at the time Cody committed the crimes.

Affirmed.

GLAZE, J., concurs.