Mr. Larry Norris, Director Arkansas Department of Correction Post Office Box 8707 Pine Bluff, Arkansas 71611-8707
Dear Mr. Norris:
This is in response to your request for an opinion concerning the expungement of records for individuals sentenced pursuant to the Alternative Service Act (Act 378 of 1975, as amended). Specifically, you have presented the following question:
 What steps must the Department of Correction take to seal (expunge) records of individuals sentenced under Act 378.
In my opinion, the answer to this question ultimately depends upon the version of the Alternative Service Act under which the individual was sentenced. It is, however, clear that if a person is entitled to have his record of conviction expunged pursuant to the Alternative Service Act, then the entity designated by the Act must issue a certificate of expungement.
The Alternative Service Act was codified at A.C.A. §§ 16-93-501 to -510. Acts 531 and 548 of 1993 repealed A.C.A. §§ 16-93-501 through 16-93-510 effective January 1, 1994. Subsequently, the General Assembly enacted Act 988 of 1995, entitled "An Act to Define Expungement and Establish the Procedure for the Sealing of Criminal Records; to Amend Current Provisions of Arkansas Law Involving Expungement; and for Other Purposes." It is my understanding from your letter that prior to the enactment of Act 998, the Post Prison Transfer Board was issuing certificates of expungement to individuals sentenced under the Alternative Service Act. It is also my understanding from your letter that the Post Prison Transfer Board has attempted to comply with Act 998, but these attempts have been "challenged" by some circuit and circuit/chancery judges.
It is well established that sentencing must be in accordance with the statutes in effect at the time of the commission of the offense. Cody v.State, 326 Ark. 85, 929 S.W.2d 159 (1996); State v. Townsend,314 Ark. 427, 863 S.W.2d 288 (1993); see also Bosnick v. Lockhart,283 Ark. 206, 672 S.W.2d 52
(1984), supplemental opinion on denial of rehearing, 283 Ark. 209,677 S.W.2d 292 (1984) (parole status governed by the parole statute in effect at the time the crime was committed). Individuals sentenced under the Alternative Service Act are thus eligible for expungement in accordance with the version of the Act under which they were sentenced. Id.; see Irvin v. State, 301 Ark. 416, 784 S.W.2d 763
(1990). Accordingly, in order to determine the procedure for the expungement of a record for an individual sentenced pursuant to the Alternative Service Act, the version of the Act under which the individual was sentenced must be examined.
Act 378 of 1975 provided in part that "Upon completion of sentence or probation imposed under this Act, the Commissioner shall direct that the record of the eligible offender be expunged of the offense of which the eligible offender was convicted . . . the eligible offender shall be entitled to a Certificate of Expungement to that effect." Act 378 of 1975, § 7. Under Act 378, the term "Commissioner" means the Commissioner of the Department of Correction. Act 378 of 1975, § 2. In 1983, section 7 of Act 378 of 1975 was amended to require that the "Director" of the Department of Correction direct that the record of the eligible offender be expunged. Act 795 of 1983, §§ 7 and 2. In 1987, section 7 of Act 378 of 1975 was again amended to provide in part that where a person had been sentenced to the custody of the Department of Correction, the Director of the Department of Correction shall direct that the record of the eligible offender be expunged. Act 775 of 1987, § 2. Finally, the Alternative Service Act was amended in 1989 to provide that where a person had been sentenced to the custody of the Department of Correction, the State Board of Parole and Community Rehabilitation shall direct that the record of the eligible offender be expunged.[1] Act 831 of 1989; A.C.A. § 16-93-510 (Supp. 1993). In addition, the Alternative Service Act provides in part:
 `Expunge' means to make an entry upon the official records kept in the regular course of business by law enforcement agencies and judicial officials evidencing the fact that the records are those relating to eligible offenders as so determined and sentenced or paroled under the provisions of this subchapter; that the records shall be sealed, sequestered, treated as confidential and only available to law enforcement and judicial officials; and further signifying that the defendant was completely exonerated of any criminal purpose and that the disposition shall not affect any civil rights or liberties of the defendant.
Act 831 of 1989, § 1; see also Act 378 of 1975.
In 1990, the Arkansas Supreme Court addressed the procedure for the expungement of a record for an individual sentenced pursuant to the Alternative Service Act. Irvin v. State, 301 Ark. 416, 784 S.W.2d 763
(1990). The individual was sentenced pursuant to the Alternative Service Act in July 1982. The court noted that the individual completed his five-year sentence without incident, and he was entitled to have the record of conviction expunged. In October 1987, the individual was in possession of a firearm; he was subsequently charged and convicted of being a convicted felon in possession of a firearm. In reversing the conviction, the court held that even though the appellant's record may not have been actually expunged, the prior sentence could not be used as the underlying felony in a later prosecution for felon in possession of a firearm.[2] The court noted that the Alternative Service Act provided that the Commissioner of the Department of Correction shall direct that the record of the eligible offender be expunged. The court concluded that expungement "is a ministerial duty to be completed by the commissioner of the Department of Corrections." See generally Op. Att'y Gen. 93-096.
Although the Alternative Service Act has been amended several times, it is my opinion that expungement pursuant to the Act remains a "ministerial duty" to be completed by the party or agency (or its successor) designated in the particular version under which the individual was sentenced. The Alternative Service Act clearly provides that the designated entity "shall direct that the record of the eligible offender be expunged" and that the eligible offender shall be entitled to a certificate of expungement. Further, it is my opinion that the party or agency designated should notify the appropriate judicial officials and law enforcement agencies (see definition of "expunge," supra) that the record has been expunged. See Op. Att'y Gen. 93-329 (copy enclosed).
With regard to your reference to Act 998 of 1995, it must again be emphasized that your letter assumes the individual was sentenced pursuant to the Alternative Service Act; therefore, the Department of Correction should comply with the relevant provisions of the Alternative Service Act. I note that although Act 998 does not contain any reference to the Alternative Service Act, it provides that "any individual who is eligible to have an offense expunged may file a uniform petition to seal records, as described in § 16-90-905, with the court in the county where the crime was committed." Act 998 of 1995, § 7 (Emphasis supplied). It is conceivable that even an individual sentenced pursuant to the Alternative Service Act may wish to file a petition to seal pursuant to Act 998; however, the Department of Correction is not authorized to take any action pursuant to Act 998.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] Acts 530 and 547 of 1993 were enacted to "Change the Name of the State Board of Parole and Community Rehabilitation to the Post Prison Transfer Board and Redefine Its Powers and Duties; and for Other Purposes."
[2] The holding in Irvin v. State that an expunged felony conviction could not be used to support a felon in possession charge was legislative overruled by Act 595 of 1995. Ops. Att'y Gen. 96-247 and 95-260.