The Honorable Ted C. Capeheart Circuit Judge and Chancellor Ninth Judicial Circuit-West Little River County Courthouse P.O. Box 546 Ashdown, Arkansas 71822
Dear Judge Capeheart:
This is in response to your request for an opinion on two questions involving the carrying of firearms by persons placed on probation. You note that for a number of years you have allowed defendants placed on probation to possess a firearm when they are hunting during the hunting season in the four counties in your district. You ask my opinion of the legality of this practice. You ask if it is within your discretion to continue this practice or whether it is in conflict with any state or federal laws. Finally, you ask whether it makes any difference if the defendant is sentenced under "Act 376" where the law says there is not a conviction.
It is my opinion that where state criminal statutes prohibit the carrying of a firearm, your practice is not authorized by Arkansas law. My predecessor reached a similar conclusion in Op. Att'y Gen. 94-080. The Arkansas "felon in possession" statute is A.C.A. § 5-73-103 (Repl. 1997). It provides in pertinent part as follows:
 (a) Except as provided in subsection (d) of this section or unless authorized by and subject to such conditions as prescribed by the Governor, or his designee, or the Bureau of Alcohol, Tobacco, and Firearms or the United States Treasury Department, or other bureau or office designated by the Treasury Department, no person shall possess or own any firearm who has been:
(1) Convicted of a felony. . . .
* * *
 (b) A determination by a jury or a court that a person committed a felony:
 (1) Shall constitute a conviction for purposes of subsection (a) of this section even though the court suspended imposition of sentence or placed the defendant on probation; but
 (2) Shall not constitute a conviction for purposes of subsection (a) of this section if the person is subsequently granted a pardon explicitly restoring the ability to possess a firearm.
* * *
 (d) The Governor shall have authority, without granting a pardon, to restore the right of a convicted felon or an adjudicated delinquent to own and possess a firearm upon the recommendation of the chief law enforcement officer in the jurisdiction in which the person resides, so long as the underlying felony or delinquency adjudication;
(1) Did not involve the use of a weapon; and
(2) Occurred more than eight (8) years ago. [Emphasis added.]
A criminal statute of the State of Arkansas thus criminalizes the carrying of a firearm by persons "convicted" of felonies even where the court placed the defendant on probation or suspended imposition of sentence. The Governor and certain federal officials are given authority over the restoration of firearm rights. The felon in possession statute, however, does not give such power to circuit judges. As stated in Op. Att'y Gen. 94-080: "[a]lthough judges do have certain inherent powers (A.C.A. § 16-13-204(b)), it has been held that `it is well settled that it is for the legislative branch of a state or federal government to determine the kind of conduct that constitutes a crime and the nature and the extent of the punishment which may be imposed.'" Op. 94-080 at 5. The Opinion cites for this proposition Shelton v. State, 44 Ark. App. 156,870 S.W.2d 398 (1994), citing Southern v. State, 284 Ark. 572,683 S.W.2d 933 (1985), quoting Sparrow v. State, 284 Ark. 396,683 S.W.2d 218 (1985). The Opinion continues: "It is my opinion that where the legislature has expressly prohibited convicted felons from carrying firearms, except under certain circumstances (e.g., a specific pardon), the judicial branch is without authority to restore that right, absent other statutory authority." Id. at 5. With this conclusion, I agree.
Confusion on the issue is understandable, however, in light of A.C.A. §5-4-303 (Repl. 1997), which sets out the conditions a court "shall" and "may" impose when it suspends imposition of sentence or places a defendant on probation. The statute provides that the court "shall" provide, as an express condition of every suspension or probation, that the defendant not commit an offense punishable by imprisonment during the period of suspension or probation. A.C.A. § 5-4-303(b). The statute goes on to provide, however, that the court may, as a condition of its order, require that the defendant "[h]ave no firearms in his possession." A.C.A. § 5-4-303(c)(7). The statute appears to cast this condition as discretionary, although in fact, the possession of a firearm by a defendant placed on probation or with a suspended sentence is, by definition, an offense punishable by imprisonment under A.C.A. §5-73-103. In any event, the fact that A.C.A. § 5-4-303 allows a court to prohibit the possession of firearms as a condition of suspension or probation does not mean that a judge has an affirmative power to grant firearms rights where State law prohibits the conduct. I must conclude, therefore, in light of the felon in possession statute, that it is not within your discretion to authorize the use of firearms for defendants placed on probation.
Your remaining question is whether it makes any difference if the defendant was sentenced under "Act 376 where the law says there is not a conviction." I assume you intend to refer to either Act 378 of 1975, the "Alternate Service Youthful Offender Act" and later called the "Alternate Service Act," which was repealed on January 1, 1994, or to Act 346 of 1975, sometimes called the "First Offender Act." See A.C.A. §16-93-301—304. The fact of sentencing under one of these acts does not make any difference, in my opinion, as regards a circuit judge's authority to allow firearms possession. That is, the criminal felon in possession statute, as interpreted by decisions of the Arkansas Supreme Court, will be controlling on the question of whether a particular defendant may, or may not, possess a firearm. In my opinion a circuit judge does not have discretion to allow the practice where the statute prohibits the conduct.[1]
There is a lingering issue, however, as to whether the possession of a firearm by a person who was sentenced under Act 378 or Act 346, and who has successfully completed probation, is prohibited. My predecessor addressed this issue in several Attorney General Opinions. See, e.g., Ops. Att'y Gen. 95-260; 96-247 and 96-387. The Arkansas Supreme Court, in the case of Irvin v. State, 301 Ark. 416, 784 S.W.2d 763 (1990), held that a defendant sentenced under Act 378, who was entitled to have his conviction expunged, although it technically was not expunged, could not later be convicted as being a felon in possession based on the prior Act 378 disposition. The upshot of this ruling was that persons sentenced under Act 378 who successfully completed the terms of their probation could lawfully carry firearms. My predecessor issued an opinion stating that the analysis was essentially the same under Act 346 of 1975. See
Op. Att'y Gen. 94-080.
The Irvin decision was based on the fact that the record should have been "expunged" by state officials when the defendant successfully completed probation under Act 378. The Court did not address the firearms rights of a defendant during his probation, before he had successfully completed the terms and conditions thereof. This appears to be the question you pose. There may be no adjudication of guilt in such a case, but in my opinion the defendant is nonetheless "on probation or suspension" for purposes of the felon in possession statute. See A.C.A. § 16-93-303(a)(1) (Supp. 1997). Absent a valid expungement, therefore, a defendant still under probation pursuant to Act 346 is, in my opinion, prohibited from possessing a firearm. Additionally, under current law, a defendant who successfully completes probation under Act 346 must take affirmative steps to petition for expungement. See A.C.A. § 16-93-303(b) and A.C.A. § 16-90-901 et seq.
After the Irvin decision, two 1995 acts of the general assembly were passed amending the felon in possession statute. See Acts 595 and 1325 of 1995. The first act's purpose was to legislatively overrule the Irvin
decision and to preclude persons from carrying firearms where they had their convictions expunged, or were entitled to have them expunged. Act 595 prohibits the possession of firearms by a person who pleads guilty or nolo contendere, or is found guilty of a felony (absent the requisite pardon or restoration of rights). This would include probation, suspended impositions of sentence and expungements. The second 1995 act, Act 1325, amended an unrelated portion of the felon in possession statute to change the penalty for that offense. The Arkansas Code Revision Commission, however, did not codify Act 595 into the felon in possession statute. It took the position that Act 1325, because it was passed later, and restated the entire statute without the Act 595 amendments, impliedly repealed Act 595. My predecessor opined that it was erroneously omitted from the Code (see Op. Att'y Gen. 96-247) but it nonetheless remains uncodified.
Uncertainty exists therefore, as to the ability of persons who have successfully completed probation under Acts 346 and 378, or those with expunged convictions in general, to lawfully carry firearms. The state of the law on this issue has not changed since 1995, and until legislative or judicial clarification is obtained, the uncertainty will remain.
In any event, in my opinion, a circuit judge does not have the discretion to allow the possession of a firearm during the pendency of such a probation, because the felon in possession statute prohibits the conduct.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Of course, if the statute does not prohibit the conduct, a circuit judge might impose such a restriction as a condition of probation. This, however, does not appear to be the question you pose.