The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365-1406
Dear Senator Everett:
I am writing in response to your request for an opinion on the following question:
 Can a person who has been convicted of a felony, and had the felony expunged, be eligible to receive a bail bondman's license, which license requires him to have no felony convictions?
RESPONSE
It is my opinion that the answer is, generally, "yes," assuming that the expungement was entered in compliance with applicable statutory procedures (cf. Baxter v. State, 324 Ark. 440, 922 S.W.2d 682 (1996)), and that the effect of the expungement is governed by or similar to that stated in A.C.A. § 16-90-902 (Supp. 2001).
The requirements for licensing as a professional bail bondsman are set out at A.C.A. §§ 17-19-101 et seq. (Repl. 2001).[1] Section 17-19-203
states as follows with regard to the information that is required of an applicant for a professional bail bondsman license:
 Such other proof as the [Professional Bail Bond Company and Professional Bail Bondsman Licensing Board] may require that he or she is competent, trustworthy, financially responsible, and of good personal and business reputation and has not been convicted of a felony or any offense involving moral turpitude.
A.C.A. § 17-19-203(3) (Repl. 2001) (emphasis added).
Your question, I assume, is whether an applicant has been "convicted of a felony" for purposes of this licensing provision if his felony conviction was "expunged." It is my opinion that the answer is "no," if the expungement is governed by A.C.A. § 16-90-901 et seq., or if its effect is similar to that stated in A.C.A. § 16-90-902, which provides as follows:
 (a) An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored, shall be completely exonerated, and the record which has been expunged shall not affect any of his civil rights or liberties, unless otherwise specifically provided for by law.
 (b) Upon the entry of the uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.
A similar expungement statute was at issue in the case of Irvin v.State, 301 Ark. 416, 784 S.W.2d 763 (1990), in which the court held that a conviction which should have been expunged under the "Youthful Offender Alternative Service Act of 1975" could not be used as the underlying felony in a later prosecution for felon in possession of a firearm under A.C.A. § 5-73-103.[2] The court cited language of the Youthful Offender Alternative Service Act which provided that the expungement "completely exonerated [the defendant] of any criminal purpose" and that the "disposition shall not affect any civil right or liberties of said defendant." 301 Ark. at 418. The court noted that the defendant was entitled by law to have had his conviction expunged, and even though the public officer charged with the duty to expunge the record did not do so, the conviction could not be used to support a felon in possession of a firearm charge.[3]
The procedure to obtain most expungements in now codified at A.C.A. §§16-90-901—906 (Supp. 2001). This legislation sets forth and makes uniform the procedures for and effects of expunction of criminal records. As you can see, the effects as stated under § 16-90-902, supra, are essentially the same as under the act at issue in Irvin, supra. Section 16-90-902
provides that a person whose record has been expunged "shall have all privileges and rights restored," and "shall be completely exonerated." It further provides that the underlying conduct "shall be deemed as a matter of law never to have occurred." Id. I thus conclude that the purpose or policy is similar to that noted in Irvin, i.e., the removal of the stigma of criminal conviction and the granting of a second chance at a life free from a criminal record. See 303 Ark. at 418.
Accordingly, following the reasoning in Irvin, it is my opinion that an expunged conviction is not a conviction for purposes of A.C.A. §17-19-203, supra, pertaining to bail bondsman licensure, if in fact the effect of the expungement is governed by or similar to that stated in A.C.A. § 16-90-902. It must be recognized in this regard that a judge's authority to expunge a criminal conviction is strictly defined by statute. Accord Op. Att'y Gen. 2001-278. In order to be eligible to receive an expungement, a defendant must have been properly sentenced under one of the particular statutes that provide for expungement. See,e.g., A.C.A. §§ 5-4-311, 5-64-407, 16-90-601, 16-90-602, 16-90-605,16-93-301—16-90-303, and 16-93-1207.
It must also be recognized, finally, in response to your specific question, that an expungement will not necessarily render an applicant automatically eligible for a bail bondsman license. Eligibility must ultimately be determined by the Professional Bail Bond Company and Professional Bail Bondsman Licensing Board, with reference to "[s]uch other proof as the board may require" regarding the applicant's character and reputation. See A.C.A. § 17-19-203 (3), supra.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] These specific requirements for bail bondsman licensing apply, in my opinion, rather than A.C.A. § 17-1-103 (Repl. 2001), which is a general statute addressing the use of criminal convictions in determining a criminal offender's eligibility for licensure, registration, or certification for any trade, profession, or occupation. Cf. Op. Att'y Gen. 97-320 (opining that the issuance of licenses to private investigators, security service contractors, alarm companies, and armed security officers is governed by the specific provisions of the Private Investigators and Private Security Agencies Act [A.C.A. § 17-40-101 etseq.], rather than by the more general provisions of A.C.A. §17-1-103).
[2] The Youthful Offender Alternative Service Act of 1975 Act was subsequently repealed (see Act 548 of 1993) and its provisions substantially replaced by A.C.A. § 16-93-1207 (b) (Supp. 2001). The holding in Irvin that an expunged felony conviction could not be used to support a felon in possession charge was legislatively overruled by Act 595 of 1995. See Ops. Att'y Gen. 2001-260 and 95-260.
[3] At the time of the decision, A.C.A. § 5-73-103 provided, with certain exceptions, that "no person shall possess or own any firearm who has been . . . convicted of a felony. . . ."