The Honorable Shirley Walters State Representative P.O. Box 1876 Greenwood, AR 72938-1876
Dear Representative Walters:
I am writing in response to your request for my opinion on a question I will paraphrase as follows:
 If an individual has pleaded guilty, nolo contendere or been found guilty of shoplifting or some other variety of theft and the court subsequently orders an expungement of the record, is that individual eligible to work at a nursing home under the provisions of A.C.A. § 20-33-205 (Repl. 1997 Supp. 2003)?
You have asked me to reconsider my opinion in Ark. Op. Att'y Gen. No.2003-057, in which you suggest I opined "that an individual convicted of shoplifting or a similar theft type incident, even though a judge granted an order of expungement expunging the record concerning this conviction, was still not eligible to work at the nursing home." You have also attached to your request a legal memorandum prepared by a private law firm, in which the author reports:
 Based on this opinion [Opinion No. 2003-057], the Office of Long Term Care (hereinafter, "OLTC") issued a memorandum dated April 30, 2003 (hereinafter the "OLTC Memorandum"), stating that it will be receiving expunged records from the ASP for elderly care workers, that employment eligibility of such workers will be based, in part, on the expunged record information, and that OLTC will apply the interpretation found in the AG Opinion to national, i.e. Federal Bureau of Investigation, criminal record checks of elderly care workers. The OLTC Memorandum also states that the ASP is in the process of reviewing the records that have been processed during the past year and will issue updated reports which include applicable expunged record information and that, upon receiving and reviewing the revised report from the ASP, OLTC will issue new determination letters to the requesting nursing facility.
RESPONSE
In my opinion, if an individual has pleaded guilty or nolo contendere to or has been found guilty of shoplifting, regardless of whether the record has been expunged, he or she will be ineligible to work at a nursing home. A.C.A. § 20-33-205(a)(3). An exception to this rule applies if the plea or conviction occurred more than 10 years prior to the employment and the individual has had no criminal convictions during that 10-year period. A.C.A. § 20-33-205(d)(2)(A). However, I must note that the applicable legislation could be far clearer in its meaning. I believe it would be useful if the legislature expressly indicated what the effect of an expungement will be in all disqualifying statutes of the sort at issue in your request.
Before addressing the substance of your question, I will summarize and elaborate on my conclusions in the attached Opinion 2003-057. In that opinion, I noted that various statutes prohibit or restrict certain activities by individuals who have pleaded guilty or nolo contendere to or been "found guilty" of certain specified offenses. As discussed further below, various of these statutes expressly state that an expunged plea or conviction will be the equivalent of a conviction disqualifying the defendant from the employment or activity at issue, whereas other statutes are simply silent regarding the effects of an expungement. Regrettably, the legislature's failure to address the effects of expungement in the latter category of statutes has apparently caused significant confusion of the sort reflected in your current request and in the request addressed in Opinion 2003-057.
I believe the better practice would be for the legislature to specify in each instance whether an expungement authorizes a prospective or current employer to ignore a plea or conviction in determining eligibility for employment. However, to date, the legislature has not done so. Accordingly, relying largely on the reasoning set forth in the attached Ark. Op. Att'y Gen. No. 2002-141 and various earlier opinions, I opined in Opinion 2003-057 that unless otherwise specified, the restrictions on activities, including employment of various sorts, would continue in effect even if a court of competent jurisdiction were to expunge the records relating to an offense. In Opinion 2003-057, I agreed with the following analysis from Opinion 2002-141:
 I have previously concurred with the position of my predecessors that if a statute prohibits certain activities by a person who has "pled guilty or nolo contendere" or has been "found guilty" of certain offenses, that statutory reference to pleading guilty or nolo contendere has the effect of overriding an expungement. See Op. Att'y Gen. No. 99-237, fn 2. In other words, such statutory language is what is referred to in A.C.A. § 16-90-902 [the expungement statute] by the phrase "unless otherwise specifically provided for by law." My predecessors took the position that such statutory language in effect means that the expungement laws will not apply. Instead, the more specific provisions of the prohibition will control. See, e.g., Ops. Att'y Gen. Nos. 98-007; 96-387; 94-148; 89-093; 89-056. The reasoning that has supported this position is that the legislature, in making specific reference to persons who have pled guilty or nolo contendere (and not merely to persons who were "found guilty" or who had "convictions" on their records), was intentionally including defendants who have not been adjudged guilty and whose records have been expunged. As noted previously, defendants whose records have not been expunged actually have "convictions" (adjudications of guilt) entered on the record, even if they pled guilty or nolo contendere and are deemed to have been "found guilty." If the legislature had intended to exclude those without adjudications of guilt and whose records have been expunged, it would have simply used the words "convicted" or "found guilty" in the applicable statute. (For an explanation of this issue, see Op. Att'y Gen. No. 96-387.) Therefore, it was necessary for the legislature to refer to persons who pled guilty or nolo contendere in order to include persons who were not adjudged guilty and who therefore did not have "convictions" on the record — i.e., persons whose records have been expunged. This interpretation of the reference to pleading guilty or nolo contendere has the effect of assuring that defendants who were not adjudged guilty and whose records were expunged will be included in the particular prohibition. The most prominent example of this office's use of this reasoning can be found in the opinions that have concluded that defendants whose records were expunged are not eligible to become law enforcement officers because of the prohibition stated in A.C.A. § 12-9-106 (which prohibits persons who plead, or who are found guilty of a felony from being law enforcement officers). See Ops. Att'y Gen. Nos. 94-308; 94-148; 89-093; 89-056; 83-217.
However, notwithstanding my acceptance of this analysis, I recognize the alternative possibility that in listing "pleading guilty or nolo contendere" in addition to being "found guilty" as disqualifications from employment, the legislature meant no more than to list all of the various ways in which a defendant may have publicly acknowledged his guilt or been determined guilty, thus disqualifying himself from employment or some other activity. Although it is true that an unexpunged plea of nolo contendere or guilty will in the normal course result in a judgment of conviction, under the operation of expungement statutes there is frequently a period of time during which a plea is pending subject to the defendant's performance of his probation commitments. In listing "pleading guilty or nolo contendere" in addition to being "found guilty," the legislature may simply have intended to declare that any pending, unexpunged plea or conviction will disqualify the defendant from the particular employment at issue. Under this interpretation, including pleas in the list of disqualifying offenses merely recognizes that a defendant may have acknowledged his guilt of a disqualifying offense and not yet cured that disqualification by obtaining an expungement. If this is all the legislature intended, one might conclude that an expungement effectively nullifies a plea or conviction for purposes of determining employment eligibility.
In this regard, I must further note my complete agreement with the following caveat from Opinion 2002-141:
 I feel compelled to note that the confusion that gave rise to your question could have easily been avoided if the legislature had simply stated explicitly that it intended to include expunged defendants in the prohibition of A.C.A. § 6-17-414.[1] The legislature has done so in other contexts. For example, Act 595 of 1995 amended the "felon-in-possession" statute (A.C.A. § 5-73-103), specifically providing that expunged felony adjudications could be used as underlying convictions to support felon-in-possession charges.[2]
Another example is A.C.A. § 6-17-410, in which the legislature specifically differentiated between defendants who have pled guilty or nolo contendere and those whose records have been expunged of certain named offenses. In particular, A.C.A. § 6-17-410(e)(2)(G) specifies that having a record that has been expunged of any sexual or physical abuse offense committed against a child will constitute cause for suspension, revocation, or placing on probation of a teacher's license. This specific reference to expungement is included even though the statute also authorizes the same action with regard to any person who has "pleaded guilty or nolo contendere to, or who has been found guilty of" the same offenses. The specific reference to expungement obviates any confusion as to the scope of the provision.[3] The legislature could provide similar clarity in the other contexts in which it intends to prohibit expunged defendants, as well as non-expunged defendants, from engaging in certain activities.
In its emergency clause to the referenced Act 595 of 1995, relating to the crime of being a felon in possession of a firearm, the legislature indicated that it had enacted the legislation intending "to legislatively overrule Irvin v. State," 301 Ark. 416, 784 S.W.2d 763 (1990), in which the court held that a conviction which should have been expunged under the Youthful Offender Alternative Service Act of 1975 could not be used as the underlying felony in a later prosecution for felon in possession of a firearm under A.C.A. § 5-73-103.[4] The court cited language of the Youthful Offender Alternative Service Act which provided that the expungement "completely exonerated [the defendant] of any criminal purpose" and that the "disposition shall not affect any civil right or liberties of said defendant." 301 Ark. at 418. The court noted that the defendant was entitled by law to have had his conviction expunged, and even though the public officer charged with the duty to expunge the record did not do so, the conviction could not be used to support a felon in possession of a firearm charge.
Irvin involved the expungement of an actual conviction under the Youthful Offender Alternative Service Act, as opposed to an expungement of a plea of guilty or nolo contendere prior to the entry of a conviction. However, an applicant or employee might argue that if an expunged conviction can never be used to support a felon-in-possession charge, it follows a fortiori that an expunged plea of guilty or nolo contendere prior to the entry of a conviction should not be used as a disqualification from employment. Neverthless, even if a court were inclined to accept the logical validity of this extrapolation, it might nevertheless question the underlying proposition that an expunged conviction cannot be treated as a disqualifying offense unless the statute setting forth the disqualifications expressly declares as much. The precedential value of Irvin as support for this underlying proposition was cast into doubt by the legislature's declaring in the emergency clause to Act 595 of 1995 that the court had misinterpreted legislative intent on this issue and that it was consequently necessary to "legislatively overrule" the Irvin decision. The confusion regarding the scope and effect of Irvin is only compounded by the fact that it is questionable whether the legislature had the authority to interpret the intention of previous legislatures in enacting the various disqualifying statutes: under the separation-of-powers doctrine, such acts of statutory construction are normally left to the judiciary.
In my opinion, then, neither the legislature nor the courts have yet pronounced definitively regarding the disqualifying effects upon employment and various activities of pleas and convictions that have been subsequently expunged. On balance, I believe the reasoning and conclusions reached in Opinions 2002-141 and 2003-057 (and the earlier opinions upon which they rely) remain valid. Under the circumstances, I am not inclined to break from the series of prior opinions this office has issued on this question. Nevertheless, I will echo my predecessor in opining that the legislature would do well to clarify whether or not a statute setting forth disqualifications from employment must state expressly that an expunged record will serve as a basis for disqualification.
Having stated this background, I will now discuss your specific request applying the standard my predecessors and I have applied in previous opinions. The law regarding theft, including "shoplifting or a similar theft type incident," is set forth in chapter 36 of title 5 of the Arkansas Code. As you acknowledge in your request, the statute that bears directly on your request is A.C.A. § 20-33-205, which provides in pertinent part:
 (a)(2) A licensing agency shall issue a determination that a person is disqualified from employment with a qualified entity if the person has been found guilty or plead [sic] guilty or nolo contendere to any of the offenses listed in subsection (b) of this section; and
 (3)(A) A qualified entity shall not knowingly employ a person who has pleaded guilty or nolo contendere to or has been found guilty of any of the offenses listed in subsection (b) of this section by any court in the State of Arkansas or of any similar offense by a court in another state or of any similar offense by a federal court.
(B) Except as provided in subsection (c) of this section:
* * *
 (ii) A licensing agency shall issue a determination that a person is disqualified from employment with a qualified entity if the person has been found guilty or pleaded guilty or nolo contendere to any of the offenses listed in subsection (b) of this section, and a requesting agency shall issue a determination that a person or ElderChoices provider is disqualified from providing care to the elderly or to an individual with a disability, or both, if the person or provider has been found guilty or pleaded guilty or nolo contendere to any of the offenses listed in subsection (b) of this section.
* * *
(b)(25) Theft of property, as prohibited in § 5-36-103;
(26) Theft by receiving, as prohibited in § 5-36-106;
* * *
 (d)(1) The provisions of this section shall not be waived by the licensing or requesting agency.
 (2)(A) Except as provided in subdivision (d)(2)(B) of this section, a conviction for an offense listed in subsection (b) of this section shall not disqualify an applicant for employment if the date of conviction of the offense is at least ten (10) years from the date of the application and the individual has no criminal convictions of any type or nature during the ten-year period. To the extent that there is any conflict with § 17-1-103, this section shall be deemed to supersede § 17-1-103.[5]
* * *
 (e)(2) An applicant, ElderChoices provider, or employee shall not be disqualified from permanent employment or providing care to the elderly or an individual with a disability, or both, when the applicant, provider, or employee has been found guilty of or has pleaded guilty or nolo contendere to a misdemeanor if the offense did not involve exploitation of an adult, abuse of a person, neglect of a person, theft, or sexual contact.
The statute just quoted at no point specifically lists shoplifting as an offense that would disqualify an applicant or a current employee from employment by a nursing home; rather it lists only theft of property, theft by receiving and misdemeanor theft as disqualifying offenses. However, as the court noted in Smith v. State, 264 Ark. 874, 877-78,575 S.W.2d 677 (1979):
 [T]here is no longer a separate shoplifting statute. The draftsmen of the Arkansas Criminal Code endeavored to eliminate most of the confusion which had developed by reason of the existence of many statutes defining different kinds of theft of property by combining all such crimes into a single one of "theft of property." See Commentary, Ark. Stat. Ann. 41-2202 (Repl. 1977). Insofar as it is applicable here, that section provides that a person commits theft of property if he knowingly takes, or exercises unauthorized control over, the property of another person, with the purpose of depriving the owner thereof. Ark. Stat. Ann. 41-2203 (1) (a) (Repl. 1977).[6]
 The theft sections of the Criminal Code include a carryover of the essence of an earlier shoplifting statutory presumption. It is stated in 41-2202 (2), thus:
 Shoplifting Presumption. The knowing concealment, upon his person or the person or another, of unpurchased goods or merchandise offered for sale by any store or other business establishment shall give rise to a presumption that the actor took goods with the purpose of depriving the owner, or another person having an interest therein.[7]
Shoplifting, then, is considered a category of theft of property, which is expressly listed at A.C.A. § 20-33-205(b)(25) as an offense disqualifying an individual from employment at a nursing home.[8] Based upon the status of shoplifting as a variety of theft of property, one of my predecessors concluded that an applicant who had pleaded guilty or nolo contendere to or who had been found guilty of shoplifting would be precluded from employment by a state agency pursuant to a statute that listed theft of property as a disqualifying offense. Ark. Op. Att'y Gen. No. 97-269. Subject to the above stated reservations about disqualifying statutes that do not directly address the issue of expungement, I believe the same conclusion applies in this instance. I should further note that A.C.A. § 20-33-205(e)(2) disqualifies from employment in a nursing home anyone who has been "found guilty of or has pleaded guilty or nolo contendere" to misdemeanor theft.
Having ventured this opinion, I should note that A.C.A. § 20-33-205(d)(2)(A) carves out an exception for certain individuals. The statute provides in pertinent part:
 [A] conviction for an offense listed in subsection (b) of this section shall not disqualify an applicant for employment if the date of conviction of the offense is at least ten (10) years from the date of the application and the individual has no criminal convictions of any type or nature during the ten-year period. . . .
In my opinion, this statute applies to any conviction, regardless of whether it has been expunged. Moreover, although the statute refers only to a "conviction," I believe it would be absurd to read it as not also applying to expunged pleas of guilty or nolo contendere,[9] which at the time of the plea were equally public declarations of guilt. It is a basic tenet of statutory construction that in determining legislative intent, the reason and spirit of the act should take precedence over the letter of the act, where adherence to the letter of the act would result in an absurdity or would defeat the plain purpose of the law. Williams v. Cityof Pine Bluff, 284 Ark. 551, 683 S.W.2d 923 (1985).
Finally, determining whether an applicant has in fact pleaded guilty or nolo contendere to or been found guilty of a disqualifying offense will entail conducting a factual review in each particular instance, as will the determination of whether the exception just quoted applies.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
Enclosures
[1] Subsection 6-17-414(b)(1) of the Code provides that "[n]o person shall be eligible for employment by a local school district or education service cooperative in a noncertified staff position if that person has pleaded guilty or nolo contendere to or has been found guilty of" any of the specified offenses.
[2] Act 595 was never codified. For a discussion of the reasons that the act was not codified, see Op. Att'y Gen. No. 96-247. Its provisions nevertheless remain viable, at least as to crimes committed after the effective date of the act that are later expunged. See Op. Att'y Gen. No. 2001-260.
[3] I do not fully agree that the reference to the expungement of specific offenses in this instance "obviates any confusion as to the scope of the provision." In my opinion, the fact that A.C.A. §6-17-410(e)(2)(G) recites the expungement of certain offenses as ineffective to foreclose disciplinary action might plausibly be interpreted as implying the obverse — that the expungement of all other offenses will suffice to avoid disciplinary action. However, this implication is cast into doubt by the statute's further disqualifying anyone who has "pleaded guilty or nolo contendere to, or who has been found guilty of" a wider range of offenses.
[4] The Youthful Offender Alternative Service Act of 1975 Act was subsequently repealed (see Act 548 of 1993) and its provisions substantially replaced by A.C.A. § 16-93-1207 (b) (Supp. 2001).
[5] Among other things, A.C.A. § 17-1-301 provides that expunged and misdemeanor convictions may not be considered in determining whether to register, certify or license an applicant for any trade, profession or occupation. As noted in A.C.A. § 20-33-205, this statute does not apply under the circumstances set forth in your request.
[6] Section 5-36-103 of the current Code provides in pertinent part:
(a) A person commits theft of property if he:
 (1) Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof; or
 (2) Knowingly obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof.
[7] This presumption is currently codified verbatim in A.C.A. §5-36-102(b).
[8] Section 5-36-103 classifies theft of property as either a felony or a misdemeanor based upon the value of the property stolen.
[9] I use the term "expunged" in this sentence because it is difficult to imagine an unexpunged 10-year-old plea of guilty or nolo contendere that has not resulted in a conviction. The statute does not address whether, if a plea results in a conviction, the 10-year period should be deemed to have started running on the date of the plea or the date of the ultimate judgment.